JESSE JAMES

NUMBER: 591; 172 - A

Versus

FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCEONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC, and CAVALRY PORTFOLIO
SERVICES, LLC

CADDO PARISH, LOUISIANA

## P E T I T I O N

NOW INTO COURT, through undersigned counsel, JESSE JAMES, Plaintiff in the

above entitled and captioned matter, who respectfully prays for Judgment of this Honorable

Court against defendants, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC,

PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC.,

EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,

jointly and severally, as set forth in the following Petition, as follows:

1.

Plaintiff, JESSE JAMES, is a major domiciliary of Shreveport, Caddo Parish, Louisiana

and is a victim of repeated false credit reportings and collection activities by defendants.

2.

Made Defendants herein are:

PGS  10  EXH ___  MIN ___ ✓
CC  0  CP ___  MAIL 2  N/J ___
INDEX ___  REC ___  FAX ___
W/D DOC ___  CERT MAIL ___
SERVICE ___

[a]   MRC RECEIVABLES CORP., which may also hereinafter be referred to as "MRC," a

foreign corporation believed to be authorized to and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

[b]   MIDLAND FUNDING, LLC, which may also hereinafter be referred to as "Midland," a

foreign corporation believed to be authorized to and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

$ 900.00 FILED

MAR 0 1 2016

E. G. BRUMLEY
CADDO DEPUTY CLERK COURT

4019
D. Szwak

Page -1-



EXHIBIT
A

[c]    PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC.

D/B/A MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be

referred to as "Midland," a foreign corporation believed to be authorized to do but doing

business in the State of Louisiana, and who will be served via the Louisiana Long-Arm

statute through its registered agent for service of process: Nick Manardi, 2040 Main

Street, Suite 800A, Irvine, California 92614;

[d]    MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to

as "Midland," a foreign corporation believed to be authorized to do but doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: Corporation Service Company, 501

Louisiana Ave., Baton Rouge, Louisiana 70802;

[e]    EQUABLE ASCENT FINANCIAL, LLC, which may also hereinafter be referred to as

"Equable," a foreign corporation believed to be authorized to do and doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: President/CEO, EQUABLE ASCENT

FINANCIAL, LLC, 160 North Franklin, 3rd Floor, Chicago, Illinois 60606; and

President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd.,

Suite B, Buffalo Grove, Illinois 60089; and

[f]    CAVALRY PORTFOLIO SERVICES, LLC, which may also hereinafter be referred to as

"Cavalry," a foreign corporation believed to be authorized to do and doing business in the

State of Louisiana, and who will be served via the Louisiana Long-Arm statute through

its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES,

LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

3.

Plaintiff respectfully asserts that this Honorable Court has subject matter jurisdiction in

this case as a court of competent, concurrent jurisdiction.  Venue is proper as this Parish under

the Louisiana Long-Arm venue provision and plaintiff's damages were sustained in this Parish

and, substantially, all of the underlying events took place in and caused impact and damage in

this Parish and State.

4.

Plaintiff respectfully requests that this Honorable Court award in plaintiff's favor and against the Defendants sums representing statutory damages and punitive or exemplary damages in addition to actual or compensatory damages.

5.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

6.

Plaintiff is a consumer and a victim of improper collection activities and false credit reportings by defendants.

7.

Defendants MRC, Equable, Cavalry, and Midland are debt collectors and furnishers/users/subscribers of and to credit information to the national credit reporting agencies, including Experian, Equifax and Trans Union.

8.

MRC and Midland operate a debt collection operation utilizing various identities as a single business enterprise and operate so as to use the identities to confuse consumers as to the identity of the collector and magnify the impact of their collection actions aimed at the consumer.

9.

Prior to November 26, 2012, Equable filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed with prejudice in a "take nothing" dismissal terminating all claims by Equable against plaintiff.

10.

For unknown reasons and unknown to plaintiff, Equable assigned and transferred the same, exact contested collection account, #44793*** [truncated], which had been the subject of the state court lawsuit referenced above and which claims had been dismissed with prejudice, to another debt collector, Cavalry.

11.

For unknown reasons and unknown to plaintiff, Cavalry accepted the assignment and transfer of the terminated account of Equable and proceeded to commence a credit reporting

campaign against plaintiff to the national consumer reporting agencies.

12.

Plaintiff was not notified and was unaware of Cavalry's acts until recently.

13.

Upon learning of Cavalry's acts, plaintiff contested the Equable now Cavalry account to Cavalry.

14.

For unknown reasons and unknown to plaintiff, Cavalry persisted in a campaign of monthly credit reportings to the national consumer reporting agencies and, each such reporting to each consumer reporting agency, represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm plaintiff's credit, property rights therein, reputation and standing in the community.

15.

Further, each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

16.

Following the dismissal of the aforementioned Equable state court lawsuit, plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer reporting agencies and to Equable as well.  That letter was dated November 26, 2012 and was properly addressed and mailed to each addressed party and deposited into the U.S. mails with proper postage applied and those letters were not returned undelivered and are presumed to have been received by the addressees.  As further proof of receipt, the addressees communicated with plaintiff and/or counsel acknowledging receipt.

17.

The November 26, 2012, explained to the consumer reporting agencies and Equable, as did pleadings made by plaintiff in the dismissed Equable state court lawsuit, that plaintiff did not owe Equable anything and that the account claimed by Equable [now Cavalry] was not plaintiff's account and that Equable was wrongly pursuing plaintiff in credit reportings and the dismissed collection lawsuit.

18.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Equable and provided Equable with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Equable directly as well.  Hence, Equable received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Equable and the other defendants herein.

19.

Prior to November 26, 2012, Midland/MRC filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed without prejudice in a "take nothing" dismissal terminating all claims by Midland/MRC against plaintiff.

20.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted to maintain an open collection account, #854702*** [truncated], against plaintiff despite receipt of multiple disputes advising Midland/MRC that the subject collection account and alleged underlying debt does not pertain to plaintiff and is not plaintiff's account or debt.

21.

For unknown reasons and unknown to plaintiff, following 2012, Midland/MRC proceeded to commence a credit reporting campaign against plaintiff to the national consumer reporting agencies.

22.

Plaintiff was not notified and was unaware of Midland's/MRC's acts, after 2012,  until recently.  Plaintiff was reasonably led to believe that Midland/MRC terminated its collection activities, prior [2012 and before] credit reportings and dismissed its baseless collection lawsuit.

23.

Upon learning of Midland's/MRC's acts, plaintiff contested the Midland/MRC account again.

24.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted in a

campaign of monthly credit reportings, after 2012, to the national consumer reporting agencies

and, each such reporting to each consumer reporting agency, represented an act of debt collection

and a false and defamatory communication, made with malice and willful intent to harm

plaintiff's credit, property rights therein, reputation and standing in the community.

25.

Further, each such reporting to each consumer reporting agency, represented a false

communication about the existence of, nature of, sum of, status and all other aspects of the

alleged debt collection account.

26.

Following the dismissal of the aforementioned Midland/MRC state court lawsuit,

plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer

reporting agencies and to Midland/MRC as well.  That letter was dated November 26, 2012 and

was properly addressed and mailed to each addressed party and deposited into the U.S. mails

with proper postage applied and those letters were not returned undelivered and are presumed to

have been received by the addressees.  As further proof of receipt, the addressees communicated

with plaintiff and/or counsel acknowledging receipt.

27.

The November 26, 2012, explained to the consumer reporting agencies and

Midland/MRC, as did pleadings made by plaintiff in the dismissed Midland/MRC state court

lawsuit, that plaintiff did not owe Midland/MRC anything and that the account claimed by

Midland/MRC was not plaintiff's account and that Midland/MRC was wrongly pursuing plaintiff

in credit reportings and the dismissed collection lawsuit.

28.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies

communicated with Midland/MRC and provided Midland/MRC with the same dispute

information as was contained in the November 26, 2012, letter which was, of course, copied to

Midland/MRC directly as well.  Hence, Midland/MRC received the dispute from plaintiff

directly as well as through the E-OSCAR/credit reporting dispute notification mechanism

established by the consumer reporting agencies to perform notice and reinvestigation functions

with their respective furnishers/users/subscriber such as Midland/MRC and the other defendants

herein.

29.

Despite the properly lodged disputes, timely re-transmittal of the disputes by the consumer reporting agencies to Equable and Midland/MRC, and the failed reinvestigations by Equable and Midland/MRC, plaintiff was not notified, aware nor could he have known under the circumstances, that those defendants had violated their duties to conduct reasonable, proper, timely and complete reinvestigations and to report accurate information in respond to those formal disputes through the consumer reporting agencies' respective reinvestigation and dispute resolution mechanisms.

30.

As a consequence of the failed reinvestigations and continued false credit reportings that resulted, plaintiff sustained damages and adverse action due to Equable's and Midland's/MRC's fault and violations.

31.

The repeated receipt of disputes from plaintiff, coupled with the same disputes contained in legal pleadings resulting is dismissals of the aforementioned state court lawsuits, as well as the failures to investigate the account and collection files at any time, all show support for the conclusion that Equable's and Midland's/MRC's actions and omissions aimed at damaging and harming plaintiff were intentional, malicious, reckless and with willful intent to injure plaintiff.

32.

Each of plaintiff's respective consumer reports, from each respective agency, as archived, show each republication, retransmission and reporting of the false and defamatory information by the defendants about plaintiff and which led to damages and adverse action.

33.

Each republication, retransmission and reporting of the false and defamatory information by the defendants through their authorized agents, the consumer reporting agencies and their web of inter-related and inter-connected satellites, users, subscribers and scoring partners, represents a separate and distinct tort, violation of both debt collection and credit reporting laws and are separately actionable events.

34.

As an authorized agent of each of the defendants, the national consumer reporting agencies posted the inaccurate credit reporting information from the defendants into plaintiff's credit file and each subsequent credit report prepared and published about plaintiff contained the false and damaging information.  Further, each subsequent credit score and other predictive score and rating about plaintiff contained information relative to the false reporting by defendants.

35.

Defendant Cavalry did nothing to investigate the validity of the Equable account before commencing its damaging and improper campaign against plaintiff and, even since learning of plaintiff's disputes and the information plead herein above, Cavalry has persisted in its debt collection and credit reporting acts against plaintiff.

36.

Credit reporting and particularly debt collection credit reporting serves no function but to damage the consumer who is the subject of the reportings.

37.

Credit reporting is an act of debt collection by debt collection agencies.

38.

Credit reporting is a cheap and effective means of damaging the subject consumer which is the intended result sought by the defendants, as furnishers.

39.

Plaintiff, individually and through counsel, communicated with defendants on a number of occasions in an effort to obtain resolution and removal of the false information, to no avail. Defendants have continued to report the false information and leave the data in plaintiff's credit files despite his protestations and continued credit reporting damages.

40.

Plaintiff has sustained adverse action in his efforts to utilize his credit and the negative account reportings by defendants have been, at least, a "substantial factor" in causing the damages and adverse action.

41.

Plaintiff suffered stress, embarrassment, inconvenience and related problems due to the

adverse action and his efforts to correct the damages caused to his credit by defendants.

42.

Plaintiff's credit has excellent absent the contested information.

43.

As reflected in the inquiry sections of plaintiff's credit report copies, plaintiff has applied for credit and other consumer benefits  and has sustained adverse action based upon credit reports prepared and published by the defendants to those third parties.

44.

The defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of the false reportings and continued placement of the false information in consumer [credit] reports they published about plaintiff.

45.

The end result was that the same false, derogatory credit reportings persisted and plaintiff continued to suffer damages.

46.

Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

47.

Defendants are debt collection agencies.

48.

Defendants  recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth.

49.

Defendants' publication of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

50.

Defendants, Equable and MRC/Midland, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to perform reasonable reinvestigations and failing to reasonably and truthfully respond to reinvestigation requests and by further supplying inaccurate and false

information.

51.

Defendants, Equable and MRC/Midland, continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiff, as described more fully herein.

## C O U N T S

### COUNT 1 - ALL DEFENDANTS - NEGLIGENCE OR
### ALTERNATIVELY INTENTIONAL ACTS

52

Defendants owed duties of reasonable care to plaintiff.

53.

Defendants failed to exercise reasonable care and prudence in the reporting and collection of the disputed account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which consequently caused damaged plaintiff.

54.

Alternatively, defendants recklessly, maliciously and/or intentionally committed various acts and omissions against plaintiff which have caused damages and other harms to plaintiff.

### COUNT 2 - ALL DEFENDANTS - DEFAMATION

55.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

56.

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

57.

Defendants were notified of inaccuracies by plaintiff however, the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about

Plaintiff.

58.

Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - ALL DEFENDANTS - INVASION OF PRIVACY

59.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have invaded plaintiff's privacy.

60.

Defendants have, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

## COUNT 4 - ALL DEFENDANTS - NEGLIGENT OR ALTERNATIVELY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROPERTY DAMAGE

61.

Defendants negligently or, alternatively, recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

62.

Defendants have, with willful intent to injure and/or maliciously, inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

## COUNT 5 - DEFENDANTS-FURNISHERs [MRC, MIDLAND AND EQUABLE] - FAIR CREDIT REPORTING ACT, 1681s-2[b]

63.

Further, the consumer reporting agencies advised Equable and MRC/Midland that plaintiff disputed the subject accounts and false credit reportings.  Each separate notice trigger duties under section 1681s-2[b].

64.

Despite receipt of the same dispute a number of times, Equable and MRC/Midland failed to properly reinvestigate and respond and repeatedly reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

65.

According to the national consumer reporting agency's reports, in each instance, Equable and MRC/Midland continued to falsely report about plaintiff.

66.

Equable and MRC/Midland likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], multiple times each, by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

67.

Rather, Equable and MRC/Midland continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

68.

Equable and MRC/Midland failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff.

69.

C Equable and MRC/Midland failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiff.

70.

Equable and MRC/Midland were well aware that their reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

## COUNT 6 - FAIR DEBT COLLECTION PRACTICES ACT

71.

Defendants failed to investigate the existence, basis, status, identity of the alleged debtor and all other aspects of the respective collection accounts and alleged debts as described herein.

72.

Defendants reported false information about the alleged consumer debts to the consumer

reporting agencies and, month after month, defendants have re-reported and continually

disseminated personal and credit information, to those agencies, for republication in consumer

reports about the Plaintiff, which was inaccurate, false, erroneous and misleading despite notice

from the plaintiff that such information was inaccurate.

73.

Defendants have engaged in a wrongful, illegal and harassing debt collection campaign

designed to coerce and extort monies from plaintiff which are not owed.  These deceptive

misrepresentation are designed to coerce and extort plaintiff and to further damage plaintiff's

credit and well-being.  Harassment and abuse of a consumer violates the FDCPA.

74.

Defendants' false and misleading communications about plaintiff and to plaintiff violate

the FDCPA.

75.

Defendants' conduct, as described herein, constitutes unfair practices in debt collection

and violates the FDCPA.

76.

Defendants reported information that misrepresented the alleged debt and engaged in debt

collection activities which violated the FDCPA willfully, or alternatively, negligently, on

multiple occasions.  These strict liability violations by the defendants were not made by the

defendants in good faith or due to any bona fide error[s].

## ADDITIONAL ALLEGATIONS

77.

The above and foregoing actions, inactions and fault of defendants, as to each and every

count, have proximately caused a wide variety of damages to plaintiff including but not limited to

out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering,

embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration,

emotional distress, mental anguish, fear of personal and financial safety and security, and further

awards of punitive/exemplary damages, attorneys' fees, litigation expenses, expert witness fees,

and court costs are likewise proper.

78.

Defendants' false credit reporting about plaintiff have been a substantial factor in causing credit denials and other damages.

79.

Defendants have negligently and/or willfully violated various provisions of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and other laws and are thereby liable unto plaintiff.

80.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security,  attorneys' fees, and court costs, litigation expenses, expert witness fees, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFF JESSE JAMES PRAYS that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants, as follows:

1)    That there be Judgment in favor of JESSE JAMES and against MRC
       RECEIVABLES CORP., MIDLAND FUNDING, LLC,
       PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL
       GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,
       MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT
       FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,
       jointly and severally, for all reasonable damages sustained by Plaintiff
       including but not limited to actual damages, compensatory damages,
       statutory damages, out-of-pocket expenses, credit denials, costs and time
       of repairing their credit, pain and suffering, embarrassment,
       inconvenience, lost economic opportunities, loss of incidental time,
       frustration, emotional distress, mental anguish, fear of personal and
       financial safety and security, and for punitive/exemplary damages,
       attorneys' fees, and court costs, litigation expenses, expert witness fees,
       and other assessments proper by law and any and all other applicable
       federal and state laws, together with legal interest thereon from date of
       judicial demand until paid; and

2)    That this Honorable Court order the defendants, MRC RECEIVABLES
       CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE

FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A
MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and
CAVALRY PORTFOLIO SERVICES, LLC, to reinvestigate and correct
the credit report(s), data emanations, and credit histories of and concerning
Plaintiff or any of plaintiff's personal identifiers and cease any and all
collection activities made against plaintiff.

FURTHER Prays for all such additional, general and equitable relief as may be necessary
and proper in the premises.

Respectfully submitted,

Bodenheimer, Jones & Szwak, LLC

By: _____
David A. Szwak, La.BR #21157, TA
416 Travis Street, Suite 1404
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX  221-6555
**Counsel for Plaintiff**

**PLEASE SERVE:**

•    **MRC RECEIVABLES CORP.,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

*    **MIDLAND FUNDING, LLC,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

*    **PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP,**
     **INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT*
*SERVICE;*

*    **MIDLAND CREDIT MANAGEMENT, INC.,**
To be served through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

*    **EQUABLE ASCENT FINANCIAL, LLC,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor,
Chicago, Illinois 60606;
and
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B,
Buffalo Grove, Illinois 60089;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT*
*SERVICE;*

and

\*      CAVALRY PORTFOLIO SERVICES, LLC,

To be served via the Louisiana Long-Arm statute through its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT SERVICE.*

# *Long-Arm Citation*

sn

JAMES, JESSE

     *VERSUS*

MRC RECEIVABLES CORP   ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:   TO   **CAVALRY PORTFOLIO SERVICES LLC**


YOU HAVE BEEN SUED.
*Attached to this Citation is a certified copy of the Petition.*   The
petition tells you what you are being sued for.*

*You must EITHER do what the petition asks, OR, within THIRTY (30) days*
*after you have received these documents, you must file an answer or other*
*legal pleadings in the Office of the Clerk of this Court at the Caddo*
*Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.*

*If you do not do what the petition asks, or if you do not file an answer*
*or legal pleading within THIRTY (30) days, a judgment may be entered*
*against you without further notice.*

*This Citation was issued by the Clerk of Court for Caddo Parish, on this*
*date March 03, 2016.*

*Also attached are the following:*    GARY LOFTIN, CLERK OF COURT
___ *REQUEST FOR ADMISSIONS OF FACTS*   MIKE SPENCE, CHIEF DEPUTY
___ *INTERROGATORIES*
___ *REQUEST FOR PRODUCTION OF DOCUMENTS*   By:_____
___

                                         *Deputy Clerk*

                         DAVID SZWAK-4019
                               *Attorney*

# FILE
# COPY

## *Long-Arm Citation*                                                      sn

JAMES, JESSE                              NO. 591172-A
                                         STATE OF LOUISIANA
        VERSUS                           PARISH OF CADDO
                                         FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  **EQUABLE ASCENT FINANCIAL LLC**
                             THRU EQUABLE ASCENT FINANCIAL LLC
                             PRESIDENT/CEO


YOU HAVE BEEN SUED.
*Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

*You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.*

*If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.*

*This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.*

*Also attached are the following:      GARY LOFTIN, CLERK OF COURT
___ REQUEST FOR ADMISSIONS OF FACTS    MIKE SPENCE, CHIEF DEPUTY
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
___
                                            Deputy Clerk

                                    DAVID A SZWAK
                                           Attorney


# FILE
# COPY

## *Long-Arm Citation*                                            sn

JAMES, JESSE                         NO. 591172-A
                                     STATE OF LOUISIANA
        *VERSUS*                     PARISH OF CADDO
                                     FIRST JUDICIAL DISTRICT COURT
MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  EQUABLE ASCENT FINANCIAL LLC
                             THRU EQUABLE ASCENT FINANCIAL LLC
                             AGENT, PRESIDENT/CEO


YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:     GARY LOFTIN, CLERK OF COURT
__  REQUEST FOR ADMISSIONS OF FACTS   MIKE SPENCE, CHIEF DEPUTY
__  INTERROGATORIES
__  REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
__
                                              Deputy Clerk

                              DAVID A SZWAK_____
                                         Attorney

FILE

COPY

# *Citation*

sn

| | |
|---|---|
| *JAMES, JESSE* | NO. 591172-A |
| | *STATE OF LOUISIANA* |
| *VERSUS* | *PARISH OF CADDO* |
| | *FIRST JUDICIAL DISTRICT COURT* |
| *MRC RECEIVABLES CORP   ETAL* | |

THE STATE OF LOUISIANA:  TO  **MIDLAND CREDIT MANAGEMENT INC**
                             **THRU CORPORATION SERVICE COMPANY**
                             **AGENT**
                             **501 LOUISIANA AVE**
                             **BATON ROUGE LA 70802**
                             of the Parish of EAST BATON ROUGE

*YOU HAVE BEEN SUED.*
*Attached to this Citation is a certified copy of the Petition.*  The*
*petition tells you what you are being sued for.*

*You must EITHER do what the petition asks, OR, within FIFTEEN (15) days*
*after you have received these documents, you must file an answer or other*
*legal pleadings in the Office of the Clerk of this Court at the Caddo*
*Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.*

*If you do not do what the petition asks, or if you do not file an answer*
*or legal pleading within FIFTEEN (15) days, a judgment may be entered*
*against you without further notice.*

*This Citation was issued by the Clerk of Court for Caddo Parish, on this*
*date March 03, 2016.*

*Also attached are the following:       GARY LOFTIN, CLERK OF COURT*
___ *REQUEST FOR ADMISSIONS OF FACTS       MIKE SPENCE, CHIEF DEPUTY*
___ *INTERROGATORIES*
___ *REQUEST FOR PRODUCTION OF DOCUMENTS   By:_____*
___                                              *Deputy Clerk*


                                         DAVID Z SZWAK_____
                                                  *Attorney*

# FILE
# COPY

# *Long-Arm Citation*                                        sn

JAMES, JESSE                          NO. 591172-A
                                      STATE OF LOUISIANA
        VERSUS                        PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT
MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  **PERFORMANCE FINANCIAL INC FKA**
                             **ENCORE CAPITAL GROUP INC DBA**
                             **MIDLAND CREDIT MANAGEMENT INC**
                             **THRU NICK MANARDI, AGENT**

YOU HAVE BEEN SUED.
*Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.*

*You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.*

*If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.*

*This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.*

*Also attached are the following:*      GARY LOFTIN, CLERK OF COURT
___ *REQUEST FOR ADMISSIONS OF FACTS*   MIKE SPENCE, CHIEF DEPUTY
___ *INTERROGATORIES*
___ *REQUEST FOR PRODUCTION OF DOCUMENTS*  By:_____
___
                                         *Deputy Clerk*

                                    DAVID A SZWAK_____
                                              *Attorney*

# FILE
# COPY

# *Citation*

sn

| | |
|---|---|
| JAMES, JESSE | NO. 591172-A |
| | STATE OF LOUISIANA |
| VERSUS | PARISH OF CADDO |
| | FIRST JUDICIAL DISTRICT COURT |

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  MIDLAND FUNDING LLC
                              THRU CORPORATION SERVICE COMPANY
                              AGENT
                              501 LOUISIANA AVE
                              BATON ROUGE LA 70802
                              of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:        GARY LOFTIN,  CLERK OF COURT
__   REQUEST FOR ADMISSIONS OF FACTS      MIKE SPENCE,  CHIEF DEPUTY
__   INTERROGATORIES
__   REQUEST FOR PRODUCTION OF DOCUMENTS   By:_____
__                                                    Deputy Clerk


                                         DAVID A SZWAK_____
                                                 Attorney

# FILE
# COPY

# *Citation*                                                                                      sn

JAMES, JESSE                                    NO. 591172-A
                                                STATE OF LOUISIANA
        *VERSUS*                                PARISH OF CADDO
                                                FIRST JUDICIAL DISTRICT COURT
MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:   TO   MRC RECEIVABLES CORP
                               THRU CORPORATION SERVICE COMPANY
                               AGENT
                               501 LOUISIANA AVE
                               BATON ROUGE LA 70802
                               of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:        GARY LOFTIN, CLERK OF COURT
__ REQUEST FOR ADMISSIONS OF FACTS       MIKE SPENCE, CHIEF DEPUTY
__ INTERROGATORIES
__ REQUEST FOR PRODUCTION OF DOCUMENTS    By:_____
__                                              Deputy Clerk


                                          DAVID A SZWAK-4019_____
                                                  Attorney

# FILE
# COPY

# *Citation*

23.36                                                                                        sn

JAMES,JESSE                          NO. 591172-A
                                     STATE OF LOUISIANA
        VERSUS                       PARISH OF CADDO
                                     FIRST JUDICIAL DISTRICT COURT
MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  MRC RECEIVABLES CORP
                             THRU CORPORATION SERVICE COMPANY
                             AGENT
                             501 LOUISIANA AVE
                             BATON ROUGE LA 70802
                             of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:      GARY LOFTIN, CLERK OF COURT
___  REQUEST FOR ADMISSIONS OF FACTS   MIKE SPENCE, CHIEF DEPUTY
___  INTERROGATORIES
___  REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
___                                            Deputy Clerk


                                     DAVID A SZWAK-4019
                                     ─────────────────────────────
                                              Attorney
------------------------------------------------------------------
SERVICE INFORMATION:        Date _____.

Personal _____  Domiciliary _____ to _____

Unserved _____  because _____

Remarks _____      **FILED**
                                            SHERIFF RETURN

        _____         MAR 2 9 2016
               Deputy Sheriff
                                              GARY LOFTIN
                                            CLERK OF COURT





MAR 17 2016

# Citation

23.36

sn

JAMES, JESSE

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

     VERSUS

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  MIDLAND FUNDING LLC
                     THRU CORPORATION SERVICE COMPANY
                     AGENT
                     501 LOUISIANA AVE
                     BATON ROUGE LA 70802
                     of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:        GARY LOFTIN, CLERK OF COURT
__ REQUEST FOR ADMISSIONS OF FACTS       MIKE SPENCE, CHIEF DEPUTY
__ INTERROGATORIES
__ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____
__                                               Deputy Clerk

                              DAVID A SZWAK
                                      Attorney

--------------------------------------------------------------------
SERVICE INFORMATION:          Date _____

Personal _____  Domiciliary _____  to _____

Unserved _____  because _____

Remarks _____

                     Deputy Sheriff

MAR 1 8 2016

FILED
SHERIFF RETURN

MAR 2 9 2016

GARY LOFTIN
CLERK OF COURT

MAR 1 7 2016

# *Citation*

23.36

sn

JAMES, JESSE                          NO. 591172-A
                                      STATE OF LOUISIANA
        VERSUS                        PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  MIDLAND CREDIT MANAGEMENT INC
                             THRU CORPORATION SERVICE COMPANY
                             AGENT
                             501 LOUISIANA AVE
                             BATON ROUGE LA 70802
                             of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:        GARY LOFTIN, CLERK OF COURT
__  REQUEST FOR ADMISSIONS OF FACTS      MIKE SPENCE, CHIEF DEPUTY
__  INTERROGATORIES
__  REQUEST FOR PRODUCTION OF DOCUMENTS  By: _____
__                                              Deputy Clerk


                                         DAVID Z SZWAK
                                         -------------------------------
                                                Attorney
----------------------------------------------------------------------
SERVICE INFORMATION:          Date _____

Personal _____  Domiciliary _____ to _____

Unserved _____  because _____

Remarks _____

                                   MAR 1 8 2016

                 Deputy Sheriff

                                   FILED
                                   SHERIFF RETURN

                                   MAR 2 9 2016

                                   GARY LOFTIN
                                   ------------------
                                   CLERK OF COURT


                    MAR 1 7 2016

JESSE JAMES                                    NUMBER:  591,172-A

v.                                             FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP., MIDLAND                 PARISH OF CADDO
FUNDING, LLC, PERFORMANCE ONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL           STATE OF LOUISIANA
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC and CAVALRY
PORTFOLIO SERVICES, LLC

### DEFENDANTS, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC. AND MIDLAND CREDIT MANAGEMENT, INC.'S NOTICE OF FILING NOTICE OF  REMOVAL OF ACTION TO FEDERAL COURT

Pursuant to Title 28 of the United States Code, Section 1446(d), Defendants, MRC

Receivables Corp., Encore Capital Group, Inc. (improperly named in the Petition as currently

having the corporate name of Performance One Financial, Inc. and doing business as Midland

Credit Management, Inc.), and Midland Credit Management, Inc. (collectively referred to as

"Midland Defendants"), hereby give notice of the filing of a Notice of Removal, removing this

action from this Court to the United States District Court for the Western District of Louisiana,

Shreveport Division.  A copy of Defendant's Notice of Removal, filed this day in federal court,

is attached hereto as Exhibit "A."

No further action need be taken by this Court, other than forwarding a complete copy of

the record of this action to the United States District Court, unless and until this action is

remanded to this Court.  *See* 28 U.S.C. § 1446(d).

Respectfully submitted, this 4th day of April, 2016.

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, ENCORE CAPITAL GROUP,
INC. and MIDLAND CREDIT MANAGEMENT,
INC.

BY:   BALCH & BINGHAM LLP

BY:   _____
      Of Counsel

MATTHEW W. MCDADE (LSB No. 32899)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
mmcdade@balch.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record, hereby certify that true and correct copies of the foregoing were served via United States Mail, postage prepaid, upon the following counsel of record.

David A. Szwak
416 Travis Street, Suite 1404
Mid South Tower
Shreveport, LA 71101

This the 4th day of April, 2016.

Of Counsel

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**JESSE JAMES**                                                                    **PLAINTIFF**

v.                                                       **CIVIL ACTION NO.** _____

**MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCE ONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC and CAVALRY
PORTFOLIO SERVICES, LLC**                                        **DEFENDANTS**

### NOTICE OF REMOVAL

COME NOW Defendants, MRC Receivables Corp., Midland Funding, LLC, Encore

Capital Group, Inc. (improperly named in the Petition as currently having the corporate name of

Performance One Financial, Inc. and doing business as Midland Credit Management, Inc.), and

Midland Credit Management, Inc. (collectively referred to as "Midland Defendants"), by and

through undersigned counsel, and, while reserving all available and affirmative defenses under

Rules 8 and 12 of the Federal Rules of Civil Procedure, file this Notice of Removal of Cause No.

591,172-A styled *Jesse James v. MRC Receivables Corp., et al.*, pending in the First Judicial

District Court of Caddo Parish, Louisiana, to the United States District Court for the Western

District of Louisiana, Shreveport Division, and would show unto this Honorable Court as

follows:

1.        On or about March 1, 2016, Plaintiff, Jesse James ("Plaintiff") filed his initial

Petition against the Midland Defendants in the First Judicial District Court of Caddo Parish,

Louisiana ("State Court Action"). Copies of all process, pleadings, orders and other papers filed

in the State Court Action, are attached hereto as Exhibit "A", and incorporated herein by

FILED
APR 0 5 2016
COLVIN ROBERSON
CADDO DEPUTY CLERK OF COURT

EXHIBIT "A"

reference.  Copies of all pleadings and other papers received by the Midland Defendants are attached hereto as Exhibit "B".

2.      Plaintiff alleges that the Midland Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. §§ 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. §§ 1681, *et seq.  See* Plaintiff's Petition, a copy of which is included in composite Exhibit "A".

3.      This Court's subject matter jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the substance of the allegations in the Petition are "arising under the Constitution, laws, or treatises of the United States."[1]  *Id.*  Removal of this action to this Honorable Court is authorized pursuant to 28 U.S.C. §§ 1441(a), (c) and 1446.  This Honorable Court has supplemental jurisdiction of any and all state law claims in the Petition pursuant to 28 U.S.C. §§ 1367.

4.      All Defendants served with process have consented to, or have indicated that they will consent to, the removal of this matter pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1441(a), and join in this Notice of Removal before the Court.

5.      Removal of this matter is timely.  One or more of the Midland Defendants were personally served with notice of the original Petition on March 18, 2016.  Accordingly, the Midland Defendants file this Notice of Removal within the thirty (30) day time period provided by 28 U.S.C. § 1446(b).

6.      Venue is proper in this district under 28 U.S.C. § 1441(a), because this Honorable Court embraces the place where the removed action has been pending, Caddo Parish, Louisiana.

---

[1] A civil action "arises" under the laws of the United States if the state law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

2

7.      The Midland Defendants are providing a copy of this Notice of Removal to all counsel of record and will file promptly a copy of same with the clerk of the state court where the action has been pending.

8.      By filing this Notice of Removal, the Midland Defendants do not waive their rights to assert any defenses and/or objections to which they are entitled.

WHEREFORE, MRC Receivables Corp., Midland Funding, LLC, Encore Capital Group, Inc. (improperly named in the Petition as currently having the corporate name of Performance One Financial, Inc. and doing business as Midland Credit Management, Inc.), and Midland Credit Management, Inc. give notice that Cause No. 591,172-A styled *Jesse James v. MRC Receivables Corp., et al.,* pending in the First Judicial District Court of Caddo Parish, Louisiana, has been removed from the State Court to the United States District Court for the Western District of Louisiana, Shreveport Division, and the Midland Defendants request that this Honorable Court assume full jurisdiction over this cause as provided by law.

Respectfully submitted, this 4th day of April, 2016.

> MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC., and MIDLAND CREDIT MANAGEMENT, INC.
>
> BY:    BALCH & BINGHAM LLP
>
> BY:    */s/ Matthew W. McDade*
>            Of Counsel

MATTHEW W. McDADE (LSB No. 32899)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
mmcdade@balch.com

166657.3

## CERTIFICATE OF SERVICE

I certify that on this <u>4th</u> day of April, 2016, I electronically filed the foregoing pleading

with the Clerk of Court using the ECF system which sent notification of such filing to all counsel

of record.

Further, I hereby certify that I have sent via United States Mail, postage prepaid, a true

and correct copy of the pleading to the following:

David A. Szwak
416 Travis Street, Suite 1404
Mid South Tower
Shreveport, LA 71101

/s/ *Matthew W. McDade*
Of Counsel

166657.3

# GARY LOFTIN, CLERK OF COURT

CADDO PARISH
501 TEXAS STREET, ROOM 103
SHREVEPORT, LA 71101-5408

PHONE: 318-226-6795
318-226-6780
FAX: 318-227-9080

| | |
|---|---|
| JESSE JAMES | NUMBER:  591,172-A |
| VERSUS | FIRST JUDICIAL DISTRICT COURT |
| MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D.B.A MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC | |
| | CADDO PARISH, LOUISIANA |

TO WHOM IT MAY CONCERN:

I, DIANNE L. HARMON, DEPUTY CLERK OF THE FIRST JUJDICIAL DISTRICT COURT, IN AND FOR THE PARISH OF CADDO, STATE OF LOUISIANA, HEREBY CERTIFY THAT THE ATTACHED COPIES ARE TRUE AND CORRECT COPIES OF THE ENTIRE ORIGINAL PROCEEDINGS FILED IN THE ABOVE STYLED CASE.

GIVEN UNDER MY HAND AND THE SEAL OF THIS OFFICE ON THIS THE 29TH DAY OF MARCH, 2016.

_Dianne L. Harmon_
DIANNE L. HARMON
DEPUTY CLERK

EXHIBIT "A"

JESSE JAMES

Versus

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCEONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC, and CAVALRY PORTFOLIO
SERVICES, LLC

NUMBER: 591; 172 - A

FIRST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## P E T I T I O N

NOW INTO COURT, through undersigned counsel, JESSE JAMES, Plaintiff in the

above entitled and captioned matter, who respectfully prays for Judgment of this Honorable

Court against defendants, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC,

PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC.,

EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,

jointly and severally, as set forth in the following Petition, as follows:

1.

Plaintiff, JESSE JAMES, is a major domiciliary of Shreveport, Caddo Parish, Louisiana

and is a victim of repeated false credit reportings and collection activities by defendants.

2.

Made Defendants herein are:

| PGS | EXH | MIN |
| CC | CP | MAIL | N/J |
| INDEX | REC | FAX |
| W/D DOC | CERT MAIL |
| SERVICE |

[a]     MRC RECEIVABLES CORP., which may also hereinafter be referred to as "MRC," a

foreign corporation believed to be authorized to do and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

[b]     MIDLAND FUNDING, LLC, which may also hereinafter be referred to as "Midland," a

foreign corporation believed to be authorized to do and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

$900.00 FILED

MAR 0 1 2016

E. G. BRUMLEY
CADDO DEPUTY CLERK OF COURT

Page -1-

4019
D. Szwak

[c]  PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC.

D/B/A MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be

referred to as "Midland," a foreign corporation believed to be authorized to do but doing

business in the State of Louisiana, and who will be served via the Louisiana Long-Arm

statute through its registered agent for service of process: Nick Manardi, 2040 Main

Street, Suite 800A, Irvine, California 92614;

[d]  MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to

as "Midland," a foreign corporation believed to be authorized to do but doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: Corporation Service Company, 501

Louisiana Ave., Baton Rouge, Louisiana 70802;

[e]  EQUABLE ASCENT FINANCIAL, LLC, which may also hereinafter be referred to as

"Equable," a foreign corporation believed to be authorized to do and doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: President/CEO, EQUABLE ASCENT

FINANCIAL, LLC, 160 North Franklin, 3rd Floor, Chicago, Illinois 60606; and

President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd.,

Suite B, Buffalo Grove, Illinois 60089; and

[f]  CAVALRY PORTFOLIO SERVICES, LLC, which may also hereinafter be referred to as

"Cavalry," a foreign corporation believed to be authorized to do and doing business in the

State of Louisiana, and who will be served via the Louisiana Long-Arm statute through

its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES,

LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

3.

Plaintiff respectfully asserts that this Honorable Court has subject matter jurisdiction in

this case as a court of competent, concurrent jurisdiction.  Venue is proper as this Parish under

the Louisiana Long-Arm venue provision and plaintiff's damages were sustained in this Parish

and, substantially, all of the underlying events took place in and caused impact and damage in

this Parish and State.

4.

Plaintiff respectfully requests that this Honorable Court award in plaintiff's favor and against the Defendants sums representing statutory damages and punitive or exemplary damages in addition to actual or compensatory damages.

5.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

6.

Plaintiff is a consumer and a victim of improper collection activities and false credit reportings by defendants.

7.

Defendants MRC, Equable, Cavalry, and Midland are debt collectors and furnishers/users/subscribers of and to credit information to the national credit reporting agencies, including Experian, Equifax and Trans Union.

8.

MRC and Midland operate a debt collection operation utilizing various identities as a single business enterprise and operate so as to use the identities to confuse consumers as to the identity of the collector and magnify the impact of their collection actions aimed at the consumer.

9.

Prior to November 26, 2012, Equable filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed with prejudice in a "take nothing" dismissal terminating all claims by Equable against plaintiff.

10.

For unknown reasons and unknown to plaintiff, Equable assigned and transferred the same, exact contested collection account, #44793*** [truncated], which had been the subject of the state court lawsuit referenced above and which claims had been dismissed with prejudice, to another debt collector, Cavalry.

11.

For unknown reasons and unknown to plaintiff, Cavalry accepted the assignment and transfer of the terminated account of Equable and proceeded to commence a credit reporting

campaign against plaintiff to the national consumer reporting agencies.

12.

Plaintiff was not notified and was unaware of Cavalry's acts until recently.

13.

Upon learning of Cavalry's acts, plaintiff contested the Equable now Cavalry account to Cavalry.

14.

For unknown reasons and unknown to plaintiff, Cavalry persisted in a campaign of monthly credit reportings to the national consumer reporting agencies and, each such reporting to each consumer reporting agency, represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm plaintiff's credit, property rights therein, reputation and standing in the community.

15.

Further, each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

16.

Following the dismissal of the aforementioned Equable state court lawsuit, plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer reporting agencies and to Equable as well.  That letter was dated November 26, 2012 and was properly addressed and mailed to each addressed party and deposited into the U.S. mails with proper postage applied and those letters were not returned undelivered and are presumed to have been received by the addressees.  As further proof of receipt, the addressees communicated with plaintiff and/or counsel acknowledging receipt.

17.

The November 26, 2012, explained to the consumer reporting agencies and Equable, as did pleadings made by plaintiff in the dismissed Equable state court lawsuit, that plaintiff did not owe Equable anything and that the account claimed by Equable [now Cavalry] was not plaintiff's account and that Equable was wrongly pursuing plaintiff in credit reportings and the dismissed collection lawsuit.

18.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Equable and provided Equable with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Equable directly as well.  Hence, Equable received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Equable and the other defendants herein.

19.

Prior to November 26, 2012, Midland/MRC filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed without prejudice in a "take nothing" dismissal terminating all claims by Midland/MRC against plaintiff.

20.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted to maintain an open collection account, #854702*** [truncated], against plaintiff despite receipt of multiple disputes advising Midland/MRC that the subject collection account and alleged underlying debt does not pertain to plaintiff and is not plaintiff's account or debt.

21.

For unknown reasons and unknown to plaintiff, following 2012, Midland/MRC proceeded to commence a credit reporting campaign against plaintiff to the national consumer reporting agencies.

22.

Plaintiff was not notified and was unaware of Midland's/MRC's acts, after 2012,  until recently.  Plaintiff was reasonably led to believe that Midland/MRC terminated its collection activities, prior [2012 and before] credit reportings and dismissed its baseless collection lawsuit.

23.

Upon learning of Midland's/MRC's acts, plaintiff contested the Midland/MRC account again.

24.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted in a

campaign of monthly credit reportings, after 2012, to the national consumer reporting agencies and, each such reporting to each consumer reporting agency, represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm plaintiff's credit, property rights therein, reputation and standing in the community.

25.

Further, each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

26.

Following the dismissal of the aforementioned Midland/MRC state court lawsuit, plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer reporting agencies and to Midland/MRC as well.  That letter was dated November 26, 2012 and was properly addressed and mailed to each addressed party and deposited into the U.S. mails with proper postage applied and those letters were not returned undelivered and are presumed to have been received by the addressees.  As further proof of receipt, the addressees communicated with plaintiff and/or counsel acknowledging receipt.

27.

The November 26, 2012, explained to the consumer reporting agencies and Midland/MRC, as did pleadings made by plaintiff in the dismissed Midland/MRC state court lawsuit, that plaintiff did not owe Midland/MRC anything and that the account claimed by Midland/MRC was not plaintiff's account and that Midland/MRC was wrongly pursuing plaintiff in credit reportings and the dismissed collection lawsuit.

28.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Midland/MRC and provided Midland/MRC with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Midland/MRC directly as well.  Hence, Midland/MRC received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Midland/MRC and the other defendants

herein.

29.

Despite the properly lodged disputes, timely re-transmittal of the disputes by the consumer reporting agencies to Equable and Midland/MRC, and the failed reinvestigations by Equable and Midland/MRC, plaintiff was not notified, aware nor could he have known under the circumstances, that those defendants had violated their duties to conduct reasonable, proper, timely and complete reinvestigations and to report accurate information in respond to those formal disputes through the consumer reporting agencies' respective reinvestigation and dispute resolution mechanisms.

30.

As a consequence of the failed reinvestigations and continued false credit reportings that resulted, plaintiff sustained damages and adverse action due to Equable's and Midland's/MRC's fault and violations.

31.

The repeated receipt of disputes from plaintiff, coupled with the same disputes contained in legal pleadings resulting is dismissals of the aforementioned state court lawsuits, as well as the failures to investigate the account and collection files at any time, all show support for the conclusion that Equable's and Midland's/MRC's actions and omissions aimed at damaging and harming plaintiff were intentional, malicious, reckless and with willful intent to injure plaintiff.

32.

Each of plaintiff's respective consumer reports, from each respective agency, as archived, show each republication, retransmission and reporting of the false and defamatory information by the defendants about plaintiff and which led to damages and adverse action.

33.

Each republication, retransmission and reporting of the false and defamatory information by the defendants through their authorized agents, the consumer reporting agencies and their web of inter-related and inter-connected satellites, users, subscribers and scoring partners, represents a separate and distinct tort, violation of both debt collection and credit reporting laws and are separately actionable events.

34.

As an authorized agent of each of the defendants, the national consumer reporting

agencies posted the inaccurate credit reporting information from the defendants into plaintiff's

credit file and each subsequent credit report prepared and published about plaintiff contained the

false and damaging information.  Further, each subsequent credit score and other predictive score

and rating about plaintiff contained information relative to the false reporting by defendants.

35.

Defendant Cavalry did nothing to investigate the validity of the Equable account before

commencing its damaging and improper campaign against plaintiff and, even since learning of

plaintiff's disputes and the information plead herein above, Cavalry has persisted in its debt

collection and credit reporting acts against plaintiff.

36.

Credit reporting and particularly debt collection credit reporting serves no function but to

damage the consumer who is the subject of the reportings.

37.

Credit reporting is an act of debt collection by debt collection agencies.

38.

Credit reporting is a cheap and effective means of damaging the subject consumer which

is the intended result sought by the defendants, as furnishers.

39.

Plaintiff, individually and through counsel, communicated with defendants on a number

of occasions in an effort to obtain resolution and removal of the false information, to no avail.

Defendants have continued to report the false information and leave the data in plaintiff's credit

files despite his protestations and continued credit reporting damages.

40.

Plaintiff has sustained adverse action in his efforts to utilize his credit and the negative

account reportings by defendants have been, at least, a "substantial factor" in causing the

damages and adverse action.

41.

Plaintiff suffered stress, embarrassment, inconvenience and related problems due to the

adverse action and his efforts to correct the damages caused to his credit by defendants.

42.

Plaintiff's credit has excellent absent the contested information.

43.

As reflected in the inquiry sections of plaintiff's credit report copies, plaintiff has applied for credit and other consumer benefits and has sustained adverse action based upon credit reports prepared and published by the defendants to those third parties.

44.

The defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of the false reportings and continued placement of the false information in consumer [credit] reports they published about plaintiff.

45.

The end result was that the same false, derogatory credit reportings persisted and plaintiff continued to suffer damages.

46.

Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

47.

Defendants are debt collection agencies.

48.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth.

49.

Defendants' publication of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

50.

Defendants, Equable and MRC/Midland, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to perform reasonable reinvestigations and failing to reasonably and truthfully respond to reinvestigation requests and by further supplying inaccurate and false

information.

51.

Defendants, Equable and MRC/Midland, continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiff, as described more fully herein.

## COUNTS

### COUNT 1 - ALL DEFENDANTS - NEGLIGENCE OR ALTERNATIVELY INTENTIONAL ACTS

52

Defendants owed duties of reasonable care to plaintiff.

53.

Defendants failed to exercise reasonable care and prudence in the reporting and collection of the disputed account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which consequently caused damaged plaintiff.

54.

Alternatively, defendants recklessly, maliciously and/or intentionally committed various acts and omissions against plaintiff which have caused damages and other harms to plaintiff.

### COUNT 2 - ALL DEFENDANTS - DEFAMATION

55.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

56.

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

57.

Defendants were notified of inaccuracies by plaintiff however, the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about

Plaintiff.

58.

Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

**COUNT 3 - ALL DEFENDANTS - INVASION OF PRIVACY**

59.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have invaded plaintiff's privacy.

60.

Defendants have, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

**COUNT 4 - ALL DEFENDANTS - NEGLIGENT OR ALTERNATIVELY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROPERTY DAMAGE**

61.

Defendants negligently or, alternatively, recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

62.

Defendants have, with willful intent to injure and/or maliciously, inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

**COUNT 5 - DEFENDANTS-FURNISHERs [MRC, MIDLAND AND EQUABLE] - FAIR CREDIT REPORTING ACT, 1681s-2[b]**

63.

Further, the consumer reporting agencies advised Equable and MRC/Midland that plaintiff disputed the subject accounts and false credit reportings. Each separate notice trigger duties under section 1681s-2[b].

64.

Despite receipt of the same dispute a number of times, Equable and MRC/Midland failed to properly reinvestigate and respond and repeatedly reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

65.

According to the national consumer reporting agency's reports, in each instance, Equable and MRC/Midland continued to falsely report about plaintiff.

66.

Equable and MRC/Midland likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], multiple times each, by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

67.

Rather, Equable and MRC/Midland continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

68.

Equable and MRC/Midland failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff.

69.

C Equable and MRC/Midland failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiff.

70.

Equable and MRC/Midland were well aware that their reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

## COUNT 6 - FAIR DEBT COLLECTION PRACTICES ACT

71.

Defendants failed to investigate the existence, basis, status, identity of the alleged debtor and all other aspects of the respective collection accounts and alleged debts as described herein.

72.

Defendants reported false information about the alleged consumer debts to the consumer reporting agencies and, month after month, defendants have re-reported and continually disseminated personal and credit information, to those agencies, for republication in consumer reports about the Plaintiff, which was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information was inaccurate.

73.

Defendants have engaged in a wrongful, illegal and harassing debt collection campaign designed to coerce and extort monies from plaintiff which are not owed.  These deceptive misrepresentation are designed to coerce and extort plaintiff and to further damage plaintiff's credit and well-being.  Harassment and abuse of a consumer violates the FDCPA.

74.

Defendants' false and misleading communications about plaintiff and to plaintiff violate the FDCPA.

75.

Defendants' conduct, as described herein, constitutes unfair practices in debt collection and violates the FDCPA.

76.

Defendants reported information that misrepresented the alleged debt and engaged in debt collection activities which violated the FDCPA willfully, or alternatively, negligently, on multiple occasions.  These strict liability violations by the defendants were not made by the defendants in good faith or due to any bona fide error[s].

ADDITIONAL ALLEGATIONS

77.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff including but not limited to out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and further awards of punitive/exemplary damages, attorneys' fees, litigation expenses, expert witness fees,

Page -13-

and court costs are likewise proper.

78.

Defendants' false credit reporting about plaintiff have been a substantial factor in causing credit denials and other damages.

79.

Defendants have negligently and/or willfully violated various provisions of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and other laws and are thereby liable unto plaintiff.

80.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security,  attorneys' fees, and court costs, litigation expenses, expert witness fees, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFF JESSE JAMES PRAYS that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants, as follows:

1)  That there be Judgment in favor of JESSE JAMES and against MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC, jointly and severally, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, compensatory damages, statutory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, litigation expenses, expert witness fees, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and

2)  That this Honorable Court order the defendants, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE

FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A
MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and
CAVALRY PORTFOLIO SERVICES, LLC, to reinvestigate and correct
the credit report(s), data emanations, and credit histories of and concerning
Plaintiff or any of plaintiff's personal identifiers and cease any and all
collection activities made against plaintiff.

FURTHER Prays for all such additional, general and equitable relief as may be necessary
and proper in the premises.

Respectfully submitted,

Bodenheimer, Jones & Szwak, LLC

By: _____
David A. Szwak, La.BR #21157, TA
416 Travis Street, Suite 1404
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 221-6555
Counsel for Plaintiff

**PLEASE SERVE:**

*   **MRC RECEIVABLES CORP.,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

*   **MIDLAND FUNDING, LLC,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

*   **PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP,
INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

*   **MIDLAND CREDIT MANAGEMENT, INC.,**
To be served through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

*   **EQUABLE ASCENT FINANCIAL, LLC,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor,
Chicago, Illinois 60606;
and
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B,
Buffalo Grove, Illinois 60089;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

and

Page -15-

* **CAVALRY PORTFOLIO SERVICES, LLC,**

To be served via the Louisiana Long-Arm statute through its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT SERVICE.*

# *Long-Arm Citation*

sn

JAMES, JESSE

     VERSUS

MRC RECEIVABLES CORP  ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:  TO  CAVALRY PORTFOLIO SERVICES LLC

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:        GARY LOFTIN, CLERK OF COURT
___ REQUEST FOR ADMISSIONS OF FACTS      MIKE SPENCE, CHIEF DEPUTY
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
___
                                                   Deputy Clerk

               DAVID SZWAK-4019
                   Attorney

FILE
COPY

# Long-Arm Citation

sn

JAMES, JESSE

    VERSUS

MRC RECEIVABLES CORP ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:  TO  EQUABLE ASCENT FINANCIAL LLC
                             THRU EQUABLE ASCENT FINANCIAL LLC
                             PRESIDENT/CEO

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:    GARY LOFTIN, CLERK OF COURT
___ REQUEST FOR ADMISSIONS OF FACTS   MIKE SPENCE, CHIEF DEPUTY
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
___
                                  Deputy Clerk

                 DAVID A SZWAK_____
                          Attorney

FILE COPY

# Long-Arm Citation

sn

JAMES, JESSE

      *VERSUS*

MRC RECEIVABLES CORP  ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:  TO  EQUABLE ASCENT FINANCIAL LLC
                      THRU EQUABLE ASCENT FINANCIAL LLC
                      AGENT, PRESIDENT/CEO

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:    GARY LOFTIN, CLERK OF COURT
__ REQUEST FOR ADMISSIONS OF FACTS    MIKE SPENCE, CHIEF DEPUTY
__ INTERROGATORIES
__ REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
—

                                   Deputy Clerk

              DAVID A SZWAK_____
                        Attorney

# FILE COPY

# *Citation*

sn

JAMES, JESSE

      *VERSUS*

MRC RECEIVABLES CORP  ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:  TO **MIDLAND CREDIT MANAGEMENT INC**
                          **THRU CORPORATION SERVICE COMPANY**
                          **AGENT**
                          **501 LOUISIANA AVE**
                          **BATON ROUGE LA 70802**
                          of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:
  __ REQUEST FOR ADMISSIONS OF FACTS
  __ INTERROGATORIES
  __ REQUEST FOR PRODUCTION OF DOCUMENTS
  __

GARY LOFTIN, CLERK OF COURT
MIKE SPENCE, CHIEF DEPUTY

By:_____
               Deputy Clerk

DAVID Z SZWAK
        Attorney

# FILE COPY

## *Long-Arm Citation*

JAMES, JESSE

    VERSUS

MRC RECEIVABLES CORP  ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:  TO  PERFORMANCE FINANCIAL INC FKA
ENCORE CAPITAL GROUP INC DBA
MIDLAND CREDIT MANAGEMENT INC
THRU NICK MANARDI, AGENT

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:     GARY LOFTIN, CLERK OF COURT
__ *REQUEST FOR ADMISSIONS OF FACTS*     MIKE SPENCE, CHIEF DEPUTY
__ *INTERROGATORIES*
__ *REQUEST FOR PRODUCTION OF DOCUMENTS*  By:_____
__

                       Deputy Clerk

DAVID A SZWAK
              Attorney

FILE COPY

# *Citation*

sn

JAMES, JESSE

    VERSUS

MRC RECEIVABLES CORP  ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:  TO  MIDLAND FUNDING LLC
                           THRU CORPORATION SERVICE COMPANY
                           AGENT
                           501 LOUISIANA AVE
                           BATON ROUGE LA 70802
                           of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:
  __  REQUEST FOR ADMISSIONS OF FACTS
       INTERROGATORIES
  __  REQUEST FOR PRODUCTION OF DOCUMENTS
  __

                     GARY LOFTIN, CLERK OF COURT
                     MIKE SPENCE, CHIEF DEPUTY

                     By: _____
                                   Deputy Clerk

                     DAVID A SZWAK
                         Attorney

FILE
COPY

# *Citation*

sn

JAMES,JESSE                          NO. 591172-A
                                      STATE OF LOUISIANA
    VERSUS                            PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT
MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:   TO  MRC RECEIVABLES CORP
                              THRU CORPORATION SERVICE COMPANY
                              AGENT
                              501 LOUISIANA AVE
                              BATON ROUGE LA 70802
                              of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:         GARY LOFTIN, CLERK OF COURT
___  REQUEST FOR ADMISSIONS OF FACTS      MIKE SPENCE, CHIEF DEPUTY
___  INTERROGATORIES
___  REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
___                                                 Deputy Clerk


                                          DAVID A SZWAK-4019
                                          ―――――――――――――――――
                                                  Attorney

# FILE COPY

FILE COPY



CORPORATION SERVICE COMPANY

# Notice of Service of Process

null / ALL
Transmittal Number: 14931702
Date Processed: 03/21/2016

| | |
|---|---|
| Primary Contact: | Carol Steury<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 103<br>San Diego, CA 92108 |

| | |
|---|---|
| Entity: | MRC Receivables Corporation<br>Entity ID Number  2618156 |
| Entity Served: | MRC Receivables Corp |
| Title of Action: | Jesse James vs. MRC Receivables Corp. |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Caddo Parish District Court, Louisiana |
| Case/Reference No: | 591,172-A |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 03/18/2016 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | David A. Szwak<br>318-424-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT "B"

# *Citation*

sn

JAMES, JESSE                   *NO. 591172-A
                                STATE OF LOUISIANA
    VERSUS                   PARISH OF CADDO
                                FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:   TO  **MRC RECEIVABLES CORP**
                                 **THRU CORPORATION SERVICE COMPANY
                                 AGENT
                                 501 LOUISIANA AVE
                                 BATON ROUGE LA 70802**
                                 of the Parish of EAST BATON ROUGE
YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:     GARY LOFTIN, CLERK OF COURT
\_\_  REQUEST FOR ADMISSIONS OF FACTS    MIKE SPENCE, CHIEF DEPUTY
\_\_  INTERROGATORIES
\_\_  REQUEST FOR PRODUCTION OF DOCUMENTS   By:_____
\_\_                                                Deputy Clerk

                                     DAVID A SZWAK-4019
                                       Attorney

NOTICE: ALL PARTIES ARE          A TRUE COPY -- ATTEST
EXPECTED TO COMPLY WITH
ALL LOCAL COURT RULES
INCLUDING BUT NOT LIMITED
TO RULE 12 OF FAMILY LAW                             Deputy Clerk
DIVISION RULES.

----------------------------------------------------------------------

    These documents mean you have been sued. Legal assistance is
advisable, and you should contact a lawyer immediately. If you want a
lawyer and cannot find one, please go to www.shreveportbar.com and click
on the Lawyer Referrel Service link, or go to the Shreveport Bar Center
on the third Monday of each month from 5:30 - 7:30 for a free seminar.
If eligible, you may be entitled to legal assistance at no cost to you
through Legal Services of North Louisiana, Inc; please call 222-7281
for more information.

    JUDGES AND COURT PERSONNEL, INCLUDING THE SHERIFF AND CLERK OF COURT
EMPLOYEES, CANNOT GIVE LEGAL ADVICE.

    If you are a person with a disability, reasonable accomodation and
assistance may be available to allow for your participation in the court
proceedings. Please contact the Clerk of Court's office for more information.

**SERVICE COPY**

JESSE JAMES

Versus

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCEONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC, and CAVALRY PORTFOLIO
SERVICES, LLC

NUMBER: 591,172 - A

FIRST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## P E T I T I O N

NOW INTO COURT, through undersigned counsel, JESSE JAMES, Plaintiff in the

above entitled and captioned matter, who respectfully prays for Judgment of this Honorable

Court against defendants, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC,

PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC.,

EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,

jointly and severally, as set forth in the following Petition, as follows:

1.

Plaintiff, JESSE JAMES, is a major domiciliary of Shreveport, Caddo Parish, Louisiana

and is a victim of repeated false credit reportings and collection activities by defendants.

2.

Made Defendants herein are:

[a]   MRC RECEIVABLES CORP., which may also hereinafter be referred to as "MRC," a

   foreign corporation believed to be authorized to do and doing business in the State of

   Louisiana, and who may be served with process through its registered agent for service of

   process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

   70802; and

[b]   MIDLAND FUNDING, LLC, which may also hereinafter be referred to as "Midland," a

   foreign corporation believed to be authorized to do and doing business in the State of

   Louisiana, and who may be served with process through its registered agent for service of

   process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

   70802; and

[c]   PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC.

D/B/A MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be

referred to as "Midland," a foreign corporation believed to be authorized to do but doing

business in the State of Louisiana, and who will be served via the Louisiana Long-Arm

statute through its registered agent for service of process: Nick Manardi, 2040 Main

Street, Suite 800A, Irvine, California 92614;

[d]   MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to

as "Midland," a foreign corporation believed to be authorized to do but doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: Corporation Service Company, 501

Louisiana Ave., Baton Rouge, Louisiana 70802;

[e]   EQUABLE ASCENT FINANCIAL, LLC, which may also hereinafter be referred to as

"Equable," a foreign corporation believed to be authorized to do and doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: President/CEO, EQUABLE ASCENT

FINANCIAL, LLC, 160 North Franklin, 3rd Floor, Chicago, Illinois 60606; and

President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd.,

Suite B, Buffalo Grove, Illinois 60089; and

[f]   CAVALRY PORTFOLIO SERVICES, LLC, which may also hereinafter be referred to as

"Cavalry," a foreign corporation believed to be authorized to do and doing business in the

State of Louisiana, and who will be served via the Louisiana Long-Arm statute through

its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES,

LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

3.

Plaintiff respectfully asserts that this Honorable Court has subject matter jurisdiction in

this case as a court of competent, concurrent jurisdiction.  Venue is proper as this Parish under

the Louisiana Long-Arm venue provision and plaintiff's damages were sustained in this Parish

and, substantially, all of the underlying events took place in and caused impact and damage in

this Parish and State.

4.

Plaintiff respectfully requests that this Honorable Court award in plaintiff's favor and against the Defendants sums representing statutory damages and punitive or exemplary damages in addition to actual or compensatory damages.

5.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

6.

Plaintiff is a consumer and a victim of improper collection activities and false credit reportings by defendants.

7.

Defendants MRC, Equable, Cavalry, and Midland are debt collectors and furnishers/users/subscribers of and to credit information to the national credit reporting agencies, including Experian, Equifax and Trans Union.

8.

MRC and Midland operate a debt collection operation utilizing various identities as a single business enterprise and operate so as to use the identities to confuse consumers as to the identity of the collector and magnify the impact of their collection actions aimed at the consumer.

9.

Prior to November 26, 2012, Equable filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed with prejudice in a "take nothing" dismissal terminating all claims by Equable against plaintiff.

10.

For unknown reasons and unknown to plaintiff, Equable assigned and transferred the same, exact contested collection account, #44793*** [truncated], which had been the subject of the state court lawsuit referenced above and which claims had been dismissed with prejudice, to another debt collector, Cavalry.

11.

For unknown reasons and unknown to plaintiff, Cavalry accepted the assignment and transfer of the terminated account of Equable and proceeded to commence a credit reporting

campaign against plaintiff to the national consumer reporting agencies.

12.

Plaintiff was not notified and was unaware of Cavalry's acts until recently.

13.

Upon learning of Cavalry's acts, plaintiff contested the Equable now Cavalry account to Cavalry.

14.

For unknown reasons and unknown to plaintiff, Cavalry persisted in a campaign of monthly credit reportings to the national consumer reporting agencies and, each such reporting to each consumer reporting agency, represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm plaintiff's credit, property rights therein, reputation and standing in the community.

15.

Further, each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

16.

Following the dismissal of the aforementioned Equable state court lawsuit, plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer reporting agencies and to Equable as well.  That letter was dated November 26, 2012 and was properly addressed and mailed to each addressed party and deposited into the U.S. mails with proper postage applied and those letters were not returned undelivered and are presumed to have been received by the addressees.  As further proof of receipt, the addressees communicated with plaintiff and/or counsel acknowledging receipt.

17.

The November 26, 2012, explained to the consumer reporting agencies and Equable, as did pleadings made by plaintiff in the dismissed Equable state court lawsuit, that plaintiff did not owe Equable anything and that the account claimed by Equable [now Cavalry] was not plaintiff's account and that Equable was wrongly pursuing plaintiff in credit reportings and the dismissed collection lawsuit.

18.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Equable and provided Equable with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Equable directly as well.  Hence, Equable received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Equable and the other defendants herein.

19.

Prior to November 26, 2012, Midland/MRC filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed without prejudice in a "take nothing" dismissal terminating all claims by Midland/MRC against plaintiff.

20.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted to maintain an open collection account, #854702*** [truncated], against plaintiff despite receipt of multiple disputes advising Midland/MRC that the subject collection account and alleged underlying debt does not pertain to plaintiff and is not plaintiff's account or debt.

21.

For unknown reasons and unknown to plaintiff, following 2012, Midland/MRC proceeded to commence a credit reporting campaign against plaintiff to the national consumer reporting agencies.

22.

Plaintiff was not notified and was unaware of Midland's/MRC's acts, after 2012, until recently.  Plaintiff was reasonably led to believe that Midland/MRC terminated its collection activities, prior [2012 and before] credit reportings and dismissed its baseless collection lawsuit.

23.

Upon learning of Midland's/MRC's acts, plaintiff contested the Midland/MRC account again.

24.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted in a

campaign of monthly credit reportings, after 2012, to the national consumer reporting agencies

and, each such reporting to each consumer reporting agency, represented an act of debt collection

and a false and defamatory communication, made with malice and willful intent to harm

plaintiff's credit, property rights therein, reputation and standing in the community.

25.

Further, each such reporting to each consumer reporting agency, represented a false

communication about the existence of, nature of, sum of, status and all other aspects of the

alleged debt collection account.

26.

Following the dismissal of the aforementioned Midland/MRC state court lawsuit,

plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer

reporting agencies and to Midland/MRC as well.  That letter was dated November 26, 2012 and

was properly addressed and mailed to each addressed party and deposited into the U.S. mails

with proper postage applied and those letters were not returned undelivered and are presumed to

have been received by the addressees.  As further proof of receipt, the addressees communicated

with plaintiff and/or counsel acknowledging receipt.

27.

The November 26, 2012, explained to the consumer reporting agencies and

Midland/MRC, as did pleadings made by plaintiff in the dismissed Midland/MRC state court

lawsuit, that plaintiff did not owe Midland/MRC anything and that the account claimed by

Midland/MRC was not plaintiff's account and that Midland/MRC was wrongly pursuing plaintiff

in credit reportings and the dismissed collection lawsuit.

28.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies

communicated with Midland/MRC and provided Midland/MRC with the same dispute

information as was contained in the November 26, 2012, letter which was, of course, copied to

Midland/MRC directly as well.  Hence, Midland/MRC received the dispute from plaintiff

directly as well as through the E-OSCAR/credit reporting dispute notification mechanism

established by the consumer reporting agencies to perform notice and reinvestigation functions

with their respective furnishers/users/subscriber such as Midland/MRC and the other defendants

herein.

### 29.

Despite the properly lodged disputes, timely re-transmittal of the disputes by the consumer reporting agencies to Equable and Midland/MRC, and the failed reinvestigations by Equable and Midland/MRC, plaintiff was not notified, aware nor could he have known under the circumstances, that those defendants had violated their duties to conduct reasonable, proper, timely and complete reinvestigations and to report accurate information in respond to those formal disputes through the consumer reporting agencies' respective reinvestigation and dispute resolution mechanisms.

### 30.

As a consequence of the failed reinvestigations and continued false credit reportings that resulted, plaintiff sustained damages and adverse action due to Equable's and Midland's/MRC's fault and violations.

### 31.

The repeated receipt of disputes from plaintiff, coupled with the same disputes contained in legal pleadings resulting is dismissals of the aforementioned state court lawsuits, as well as the failures to investigate the account and collection files at any time, all show support for the conclusion that Equable's and Midland's/MRC's actions and omissions aimed at damaging and harming plaintiff were intentional, malicious, reckless and with willful intent to injure plaintiff.

### 32.

Each of plaintiff's respective consumer reports, from each respective agency, as archived, show each republication, retransmission and reporting of the false and defamatory information by the defendants about plaintiff and which led to damages and adverse action.

### 33.

Each republication, retransmission and reporting of the false and defamatory information by the defendants through their authorized agents, the consumer reporting agencies and their web of inter-related and inter-connected satellites, users, subscribers and scoring partners, represents a separate and distinct tort, violation of both debt collection and credit reporting laws and are separately actionable events.

34.

As an authorized agent of each of the defendants, the national consumer reporting

agencies posted the inaccurate credit reporting information from the defendants into plaintiff's

credit file and each subsequent credit report prepared and published about plaintiff contained the

false and damaging information.  Further, each subsequent credit score and other predictive score

and rating about plaintiff contained information relative to the false reporting by defendants.

35.

Defendant Cavalry did nothing to investigate the validity of the Equable account before

commencing its damaging and improper campaign against plaintiff and, even since learning of

plaintiff's disputes and the information plead herein above, Cavalry has persisted in its debt

collection and credit reporting acts against plaintiff.

36.

Credit reporting and particularly debt collection credit reporting serves no function but to

damage the consumer who is the subject of the reportings.

37.

Credit reporting is an act of debt collection by debt collection agencies.

38.

Credit reporting is a cheap and effective means of damaging the subject consumer which

is the intended result sought by the defendants, as furnishers.

39.

Plaintiff, individually and through counsel, communicated with defendants on a number

of occasions in an effort to obtain resolution and removal of the false information, to no avail.

Defendants have continued to report the false information and leave the data in plaintiff's credit

files despite his protestations and continued credit reporting damages.

40.

Plaintiff has sustained adverse action in his efforts to utilize his credit and the negative

account reportings by defendants have been, at least, a "substantial factor" in causing the

damages and adverse action.

41.

Plaintiff suffered stress, embarrassment, inconvenience and related problems due to the

adverse action and his efforts to correct the damages caused to his credit by defendants.

42.

Plaintiff's credit has excellent absent the contested information.

43.

As reflected in the inquiry sections of plaintiff's credit report copies, plaintiff has applied for credit and other consumer benefits and has sustained adverse action based upon credit reports prepared and published by the defendants to those third parties.

44.

The defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of the false reportings and continued placement of the false information in consumer [credit] reports they published about plaintiff.

45.

The end result was that the same false, derogatory credit reportings persisted and plaintiff continued to suffer damages.

46.

Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

47.

Defendants are debt collection agencies.

48.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth.

49.

Defendants' publication of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

50.

Defendants, Equable and MRC/Midland, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to perform reasonable reinvestigations and failing to reasonably and truthfully respond to reinvestigation requests and by further supplying inaccurate and false

Page -9-

information.

51.

Defendants, Equable and MRC/Midland, continued to report false and inaccurate
information and failed to retract, delete and suppress false and inaccurate information about the
plaintiff, as described more fully herein.

## C O U N T S

### COUNT 1 - ALL DEFENDANTS - NEGLIGENCE OR
### ALTERNATIVELY INTENTIONAL ACTS

52

Defendants owed duties of reasonable care to plaintiff.

53.

Defendants failed to exercise reasonable care and prudence in the reporting and collection
of the disputed account, each subsequent reporting and re-reporting, the handling and
reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which
consequently caused damaged plaintiff.

54.

Alternatively, defendants recklessly, maliciously and/or intentionally committed various
acts and omissions against plaintiff which have caused damages and other harms to plaintiff.

### COUNT 2 - ALL DEFENDANTS - DEFAMATION

55.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false
and inaccurate information concerning Plaintiff with reckless disregard for the truth of the
matters asserted.

56.

Defendants' publishing of such false and inaccurate information has severely damaged
the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional
distress and mental anguish to plaintiff.

57.

Defendants were notified of inaccuracies by plaintiff however, the defendants continued
to issue and/or publish report(s) to third parties which contained inaccurate information about

Plaintiff.

58.

Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - ALL DEFENDANTS - INVASION OF PRIVACY

59.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have invaded plaintiff's privacy.

60.

Defendants have, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

## COUNT 4 - ALL DEFENDANTS - NEGLIGENT OR ALTERNATIVELY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROPERTY DAMAGE

61.

Defendants negligently or, alternatively, recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

62.

Defendants have, with willful intent to injure and/or maliciously, inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

## COUNT 5 - DEFENDANTS-FURNISHERs [MRC, MIDLAND AND EQUABLE] - FAIR CREDIT REPORTING ACT, 1681s-2[b]

63.

Further, the consumer reporting agencies advised Equable and MRC/Midland that plaintiff disputed the subject accounts and false credit reportings.  Each separate notice trigger duties under section 1681s-2[b].

Page -11-

64.

Despite receipt of the same dispute a number of times, Equable and MRC/Midland failed to properly reinvestigate and respond and repeatedly reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

65.

According to the national consumer reporting agency's reports, in each instance, Equable and MRC/Midland continued to falsely report about plaintiff.

66.

Equable and MRC/Midland likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], multiple times each, by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

67.

Rather, Equable and MRC/Midland continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

68.

Equable and MRC/Midland failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff.

69.

C Equable and MRC/Midland failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiff.

70.

Equable and MRC/Midland were well aware that their reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

**COUNT 6 - FAIR DEBT COLLECTION PRACTICES ACT**

71.

Defendants failed to investigate the existence, basis, status, identity of the alleged debtor and all other aspects of the respective collection accounts and alleged debts as described herein.

72.

Defendants reported false information about the alleged consumer debts to the consumer reporting agencies and, month after month, defendants have re-reported and continually disseminated personal and credit information, to those agencies, for republication in consumer reports about the Plaintiff, which was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information was inaccurate.

73.

Defendants have engaged in a wrongful, illegal and harassing debt collection campaign designed to coerce and extort monies from plaintiff which are not owed.  These deceptive misrepresentation are designed to coerce and extort plaintiff and to further damage plaintiff's credit and well-being.  Harassment and abuse of a consumer violates the FDCPA.

74.

Defendants' false and misleading communications about plaintiff and to plaintiff violate the FDCPA.

75.

Defendants' conduct, as described herein, constitutes unfair practices in debt collection and violates the FDCPA.

76.

Defendants reported information that misrepresented the alleged debt and engaged in debt collection activities which violated the FDCPA willfully, or alternatively, negligently, on multiple occasions.  These strict liability violations by the defendants were not made by the defendants in good faith or due to any bona fide error[s].

**ADDITIONAL ALLEGATIONS**

77.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff including but not limited to out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and further awards of punitive/exemplary damages, attorneys' fees, litigation expenses, expert witness fees,

and court costs are likewise proper.

78.

Defendants' false credit reporting about plaintiff have been a substantial factor in causing

credit denials and other damages.

79.

Defendants have negligently and/or willfully violated various provisions of the Fair

Credit Reporting Act, the Fair Debt Collection Practices Act, and other laws and are thereby

liable unto plaintiff.

80.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive

damages awarded in this case, as well as other demands and claims asserted herein including, but

not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain

and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental

time, frustration, emotional distress, mental anguish, fear of personal and financial safety and

security, attorneys' fees, and court costs, litigation expenses, expert witness fees, and other

assessments proper by law and any and all other applicable federal and state laws, together with

legal interest thereon from date of judicial demand until paid.


        WHEREFORE PLAINTIFF JESSE JAMES PRAYS that after all due proceedings be had
there be judgment herein in favor of Plaintiff and against Defendants, as follows:

    1)    That there be Judgment in favor of JESSE JAMES and against MRC
          RECEIVABLES CORP., MIDLAND FUNDING, LLC,
          PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL
          GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,
          MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT
          FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,
          jointly and severally, for all reasonable damages sustained by Plaintiff
          including but not limited to actual damages, compensatory damages,
          statutory damages, out-of-pocket expenses, credit denials, costs and time
          of repairing their credit, pain and suffering, embarrassment,
          inconvenience, lost economic opportunities, loss of incidental time,
          frustration, emotional distress, mental anguish, fear of personal and
          financial safety and security, and for punitive/exemplary damages,
          attorneys' fees, and court costs, litigation expenses, expert witness fees,
          and other assessments proper by law and any and all other applicable
          federal and state laws, together with legal interest thereon from date of
          judicial demand until paid; and

    2)    That this Honorable Court order the defendants, MRC RECEIVABLES
          CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE

FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A
MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and
CAVALRY PORTFOLIO SERVICES, LLC, to reinvestigate and correct
the credit report(s), data emanations, and credit histories of and concerning
Plaintiff or any of plaintiff's personal identifiers and cease any and all
collection activities made against plaintiff.

FURTHER Prays for all such additional, general and equitable relief as may be necessary
and proper in the premises.

Respectfully submitted,

Bodenheimer, Jones & Szwak, LLC

By:    _____
       David A. Szwak, La.BR #21157, TA
       416 Travis Street, Suite 1404
       Mid South Tower
       Shreveport, Louisiana 71101
       (318) 424-1400
       FAX 221-6555
       Counsel for Plaintiff

**PLEASE SERVE:**

* **MRC RECEIVABLES CORP.,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

* **MIDLAND FUNDING, LLC,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

* **PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP,
INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

* **MIDLAND CREDIT MANAGEMENT, INC.,**
To be served through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

* **EQUABLE ASCENT FINANCIAL, LLC,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor,
Chicago, Illinois 60606;
and
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B,
Buffalo Grove, Illinois 60089;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

and

**ENDORSED FILED**
ERIC BRUMLEY, DEPUTY CLERK

MAR 04 2016

A TRUE COPY - ATTEST

CADDO PARISH DEPUTY CLERK OF COURT

Page -15-

\*      **CAVALRY PORTFOLIO SERVICES, LLC,**
To be served via the Louisiana Long-Arm statute through its agent for service of process:
President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor,
Hawthorne, New York 10532.
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT*
*SERVICE.*



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 14931836**
**Date Processed: 03/21/2016**

| | |
|---|---|
| Primary Contact: | Carol Steury<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 103<br>San Diego, CA 92108 |

| | |
|---|---|
| Entity: | Midland Credit Management, Inc<br>Entity ID Number 1682419 |
| Entity Served: | Midland Credit Management Inc. |
| Title of Action: | Jesse James vs. MRC Receivables Corp. |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Caddo Parish District Court, Louisiana |
| Case/Reference No: | 591, 172-A |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 03/18/2016 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | David A. Szwak<br>318-424-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# *Citation*

sn

JAMES, JESSE                NO. 591172-A
                                   STATE OF LOUISIANA

      VERSUS               PARISH OF CADDO
                                   FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP   ETAL

THE STATE OF LOUISIANA:  TO  MIDLAND CREDIT MANAGEMENT INC
                               THRU CORPORATION SERVICE COMPANY
                               AGENT
                               501 LOUISIANA AVE
                               BATON ROUGE LA 70802
                               of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:      GARY LOFTIN, CLERK OF COURT
___ REQUEST FOR ADMISSIONS OF FACTS     MIKE SPENCE, CHIEF DEPUTY
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS  By: _____
___                                         Deputy Clerk

                                  DAVID Z SZWAK _____
                                      Attorney

NOTICE:  ALL PARTIES ARE            A TRUE COPY -- ATTEST
EXPECTED TO COMPLY WITH
ALL LOCAL COURT RULES
INCLUDING BUT NOT LIMITED
TO RULE 12 OF FAMILY LAW             _____
DIVISION RULES.                         Deputy Clerk

--------------------------------------------------------------------
      These documents mean you have been sued. Legal assistance is
advisable, and you should contact a lawyer immediately. If you want a
lawyer and cannot find one, please go to www.shreveportbar.com and click
on the Lawyer Referrel Service link, or go to the Shreveport Bar Center
on the third Monday of each month from 5:30 - 7:30 for a free seminar.
If eligible, you may be entitled to legal assistance at no cost to you
through Legal Services of North Louisiana, Inc; please call 222-7281
for more information.

      JUDGES AND COURT PERSONNEL, INCLUDING THE SHERIFF AND CLERK OF COURT
EMPLOYEES, CANNOT GIVE LEGAL ADVICE.

      If you are a person with a disability, reasonable accomodation and
assistance may be available to allow for your participation in the court
proceedings. Please contact the Clerk of Court's office for more information.

## SERVICE COPY

JESSE JAMES

Versus

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCEONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC, and CAVALRY PORTFOLIO
SERVICES, LLC

NUMBER: 591,172-A

FIRST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## P E T I T I O N

NOW INTO COURT, through undersigned counsel, JESSE JAMES, Plaintiff in the

above entitled and captioned matter, who respectfully prays for Judgment of this Honorable

Court against defendants, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC,

PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC.,

EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,

jointly and severally, as set forth in the following Petition, as follows:

1.

Plaintiff, JESSE JAMES, is a major domiciliary of Shreveport, Caddo Parish, Louisiana

and is a victim of repeated false credit reportings and collection activities by defendants.

2.

Made Defendants herein are:

[a]     MRC RECEIVABLES CORP., which may also hereinafter be referred to as "MRC," a

foreign corporation believed to be authorized to do and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

[b]     MIDLAND FUNDING, LLC, which may also hereinafter be referred to as "Midland," a

foreign corporation believed to be authorized to do and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

[c]  PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to as "Midland," a foreign corporation believed to be authorized to do but doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its registered agent for service of process: Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;

[d]  MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to as "Midland," a foreign corporation believed to be authorized to do but doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its registered agent for service of process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

[e]  EQUABLE ASCENT FINANCIAL, LLC, which may also hereinafter be referred to as "Equable," a foreign corporation believed to be authorized to do and doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its registered agent for service of process: President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor, Chicago, Illinois 60606; and President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B, Buffalo Grove, Illinois 60089; and

[f]  CAVALRY PORTFOLIO SERVICES, LLC, which may also hereinafter be referred to as "Cavalry," a foreign corporation believed to be authorized to do and doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

3.

Plaintiff respectfully asserts that this Honorable Court has subject matter jurisdiction in this case as a court of competent, concurrent jurisdiction. Venue is proper as this Parish under the Louisiana Long-Arm venue provision and plaintiff's damages were sustained in this Parish and, substantially, all of the underlying events took place in and caused impact and damage in this Parish and State.

4.

Plaintiff respectfully requests that this Honorable Court award in plaintiff's favor and against the Defendants sums representing statutory damages and punitive or exemplary damages in addition to actual or compensatory damages.

5.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

6.

Plaintiff is a consumer and a victim of improper collection activities and false credit reportings by defendants.

7.

Defendants MRC, Equable, Cavalry, and Midland are debt collectors and furnishers/users/subscribers of and to credit information to the national credit reporting agencies, including Experian, Equifax and Trans Union.

8.

MRC and Midland operate a debt collection operation utilizing various identities as a single business enterprise and operate so as to use the identities to confuse consumers as to the identity of the collector and magnify the impact of their collection actions aimed at the consumer.

9.

Prior to November 26, 2012, Equable filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed with prejudice in a "take nothing" dismissal terminating all claims by Equable against plaintiff.

10.

For unknown reasons and unknown to plaintiff, Equable assigned and transferred the same, exact contested collection account, #44793*** [truncated], which had been the subject of the state court lawsuit referenced above and which claims had been dismissed with prejudice, to another debt collector, Cavalry.

11.

For unknown reasons and unknown to plaintiff, Cavalry accepted the assignment and transfer of the terminated account of Equable and proceeded to commence a credit reporting

campaign against plaintiff to the national consumer reporting agencies.

12.

Plaintiff was not notified and was unaware of Cavalry's acts until recently.

13.

Upon learning of Cavalry's acts, plaintiff contested the Equable now Cavalry account to
Cavalry.

14.

For unknown reasons and unknown to plaintiff, Cavalry persisted in a campaign of
monthly credit reportings to the national consumer reporting agencies and, each such reporting to
each consumer reporting agency, represented an act of debt collection and a false and defamatory
communication, made with malice and willful intent to harm plaintiff's credit, property rights
therein, reputation and standing in the community.

15.

Further, each such reporting to each consumer reporting agency, represented a false
communication about the existence of, nature of, sum of, status and all other aspects of the
alleged debt collection account.

16.

Following the dismissal of the aforementioned Equable state court lawsuit, plaintiff,
through counsel, lodged a formal, written dispute to all of the national consumer reporting
agencies and to Equable as well.  That letter was dated November 26, 2012 and was properly
addressed and mailed to each addressed party and deposited into the U.S. mails with proper
postage applied and those letters were not returned undelivered and are presumed to have been
received by the addressees.  As further proof of receipt, the addressees communicated with
plaintiff and/or counsel acknowledging receipt.

17.

The November 26, 2012, explained to the consumer reporting agencies and Equable, as
did pleadings made by plaintiff in the dismissed Equable state court lawsuit, that plaintiff did not
owe Equable anything and that the account claimed by Equable [now Cavalry] was not plaintiff's
account and that Equable was wrongly pursuing plaintiff in credit reportings and the dismissed
collection lawsuit.

18.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Equable and provided Equable with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Equable directly as well.  Hence, Equable received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Equable and the other defendants herein.

19.

Prior to November 26, 2012, Midland/MRC filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed without prejudice in a "take nothing" dismissal terminating all claims by Midland/MRC against plaintiff.

20.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted to maintain an open collection account, #854702*** [truncated], against plaintiff despite receipt of multiple disputes advising Midland/MRC that the subject collection account and alleged underlying debt does not pertain to plaintiff and is not plaintiff's account or debt.

21.

For unknown reasons and unknown to plaintiff, following 2012, Midland/MRC proceeded to commence a credit reporting campaign against plaintiff to the national consumer reporting agencies.

22.

Plaintiff was not notified and was unaware of Midland's/MRC's acts, after 2012, until recently.  Plaintiff was reasonably led to believe that Midland/MRC terminated its collection activities, prior [2012 and before] credit reportings and dismissed its baseless collection lawsuit.

23.

Upon learning of Midland's/MRC's acts, plaintiff contested the Midland/MRC account again.

24.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted in a

campaign of monthly credit reportings, after 2012, to the national consumer reporting agencies

and, each such reporting to each consumer reporting agency, represented an act of debt collection

and a false and defamatory communication, made with malice and willful intent to harm

plaintiff's credit, property rights therein, reputation and standing in the community.

25.

Further, each such reporting to each consumer reporting agency, represented a false

communication about the existence of, nature of, sum of, status and all other aspects of the

alleged debt collection account.

26.

Following the dismissal of the aforementioned Midland/MRC state court lawsuit,

plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer

reporting agencies and to Midland/MRC as well.  That letter was dated November 26, 2012 and

was properly addressed and mailed to each addressed party and deposited into the U.S. mails

with proper postage applied and those letters were not returned undelivered and are presumed to

have been received by the addressees.  As further proof of receipt, the addressees communicated

with plaintiff and/or counsel acknowledging receipt.

27.

The November 26, 2012, explained to the consumer reporting agencies and

Midland/MRC, as did pleadings made by plaintiff in the dismissed Midland/MRC state court

lawsuit, that plaintiff did not owe Midland/MRC anything and that the account claimed by

Midland/MRC was not plaintiff's account and that Midland/MRC was wrongly pursuing plaintiff

in credit reportings and the dismissed collection lawsuit.

28.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies

communicated with Midland/MRC and provided Midland/MRC with the same dispute

information as was contained in the November 26, 2012, letter which was, of course, copied to

Midland/MRC directly as well.  Hence, Midland/MRC received the dispute from plaintiff

directly as well as through the E-OSCAR/credit reporting dispute notification mechanism

established by the consumer reporting agencies to perform notice and reinvestigation functions

with their respective furnishers/users/subscriber such as Midland/MRC and the other defendants

herein.

### 29.

Despite the properly lodged disputes, timely re-transmittal of the disputes by the consumer reporting agencies to Equable and Midland/MRC, and the failed reinvestigations by Equable and Midland/MRC, plaintiff was not notified, aware nor could he have known under the circumstances, that those defendants had violated their duties to conduct reasonable, proper, timely and complete reinvestigations and to report accurate information in respond to those formal disputes through the consumer reporting agencies' respective reinvestigation and dispute resolution mechanisms.

### 30.

As a consequence of the failed reinvestigations and continued false credit reportings that resulted, plaintiff sustained damages and adverse action due to Equable's and Midland's/MRC's fault and violations.

### 31.

The repeated receipt of disputes from plaintiff, coupled with the same disputes contained in legal pleadings resulting is dismissals of the aforementioned state court lawsuits, as well as the failures to investigate the account and collection files at any time, all show support for the conclusion that Equable's and Midland's/MRC's actions and omissions aimed at damaging and harming plaintiff were intentional, malicious, reckless and with willful intent to injure plaintiff.

### 32.

Each of plaintiff's respective consumer reports, from each respective agency, as archived, show each republication, retransmission and reporting of the false and defamatory information by the defendants about plaintiff and which led to damages and adverse action.

### 33.

Each republication, retransmission and reporting of the false and defamatory information by the defendants through their authorized agents, the consumer reporting agencies and their web of inter-related and inter-connected satellites, users, subscribers and scoring partners, represents a separate and distinct tort, violation of both debt collection and credit reporting laws and are separately actionable events.

Page -7-

34.

As an authorized agent of each of the defendants, the national consumer reporting agencies posted the inaccurate credit reporting information from the defendants into plaintiff's credit file and each subsequent credit report prepared and published about plaintiff contained the false and damaging information.  Further, each subsequent credit score and other predictive score and rating about plaintiff contained information relative to the false reporting by defendants.

35.

Defendant Cavalry did nothing to investigate the validity of the Equable account before commencing its damaging and improper campaign against plaintiff and, even since learning of plaintiff's disputes and the information plead herein above, Cavalry has persisted in its debt collection and credit reporting acts against plaintiff.

36.

Credit reporting and particularly debt collection credit reporting serves no function but to damage the consumer who is the subject of the reportings.

37.

Credit reporting is an act of debt collection by debt collection agencies.

38.

Credit reporting is a cheap and effective means of damaging the subject consumer which is the intended result sought by the defendants, as furnishers.

39.

Plaintiff, individually and through counsel, communicated with defendants on a number of occasions in an effort to obtain resolution and removal of the false information, to no avail. Defendants have continued to report the false information and leave the data in plaintiff's credit files despite his protestations and continued credit reporting damages.

40.

Plaintiff has sustained adverse action in his efforts to utilize his credit and the negative account reportings by defendants have been, at least, a "substantial factor" in causing the damages and adverse action.

41.

Plaintiff suffered stress, embarrassment, inconvenience and related problems due to the

adverse action and his efforts to correct the damages caused to his credit by defendants.

42.

Plaintiff's credit has excellent absent the contested information.

43.

As reflected in the inquiry sections of plaintiff's credit report copies, plaintiff has applied for credit and other consumer benefits and has sustained adverse action based upon credit reports prepared and published by the defendants to those third parties.

44.

The defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of the false reportings and continued placement of the false information in consumer [credit] reports they published about plaintiff.

45.

The end result was that the same false, derogatory credit reportings persisted and plaintiff continued to suffer damages.

46.

Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

47.

Defendants are debt collection agencies.

48.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth.

49.

Defendants' publication of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

50.

Defendants, Equable and MRC/Midland, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to perform reasonable reinvestigations and failing to reasonably and truthfully respond to reinvestigation requests and by further supplying inaccurate and false

information.

51.

Defendants, Equable and MRC/Midland, continued to report false and inaccurate

information and failed to retract, delete and suppress false and inaccurate information about the

plaintiff, as described more fully herein.

## C O U N T S

### COUNT 1 - ALL DEFENDANTS - NEGLIGENCE OR
### ALTERNATIVELY INTENTIONAL ACTS

52

Defendants owed duties of reasonable care to plaintiff.

53.

Defendants failed to exercise reasonable care and prudence in the reporting and collection

of the disputed account, each subsequent reporting and re-reporting, the handling and

reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which

consequently caused damaged plaintiff.

54.

Alternatively, defendants recklessly, maliciously and/or intentionally committed various

acts and omissions against plaintiff which have caused damages and other harms to plaintiff.

### COUNT 2 - ALL DEFENDANTS - DEFAMATION

55.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false

and inaccurate information concerning Plaintiff with reckless disregard for the truth of the

matters asserted.

56.

Defendants' publishing of such false and inaccurate information has severely damaged

the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional

distress and mental anguish to plaintiff.

57.

Defendants were notified of inaccuracies by plaintiff however, the defendants continued

to issue and/or publish report(s) to third parties which contained inaccurate information about

Plaintiff.

58.

Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - ALL DEFENDANTS - INVASION OF PRIVACY

59.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have invaded plaintiff's privacy.

60.

Defendants have, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

## COUNT 4 - ALL DEFENDANTS - NEGLIGENT OR ALTERNATIVELY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROPERTY DAMAGE

61.

Defendants negligently or, alternatively, recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

62.

Defendants have, with willful intent to injure and/or maliciously, inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

## COUNT 5 - DEFENDANTS-FURNISHERs
### [MRC, MIDLAND AND EQUABLE] - FAIR CREDIT REPORTING ACT, 1681s-2[b]

63.

Further, the consumer reporting agencies advised Equable and MRC/Midland that plaintiff disputed the subject accounts and false credit reportings.  Each separate notice trigger duties under section 1681s-2[b].

64.

Despite receipt of the same dispute a number of times, Equable and MRC/Midland  failed to properly reinvestigate and respond and repeatedly reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

65.

According to the national consumer reporting agency's reports, in each instance, Equable and MRC/Midland continued to falsely report about plaintiff.

66.

Equable and MRC/Midland likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], multiple times each, by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

67.

Rather, Equable and MRC/Midland continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

68.

Equable and MRC/Midland failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff.

69.

C Equable and MRC/Midland  failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiff.

70.

Equable and MRC/Midland were well aware that their reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

**COUNT 6 - FAIR DEBT COLLECTION PRACTICES ACT**

71.

Defendants failed to investigate the existence, basis, status, identity of the alleged debtor and all other aspects of the respective collection accounts and alleged debts as described herein.

72.

Defendants reported false information about the alleged consumer debts to the consumer reporting agencies and, month after month, defendants have re-reported and continually disseminated personal and credit information, to those agencies, for republication in consumer reports about the Plaintiff, which was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information was inaccurate.

73.

Defendants have engaged in a wrongful, illegal and harassing debt collection campaign designed to coerce and extort monies from plaintiff which are not owed. These deceptive misrepresentation are designed to coerce and extort plaintiff and to further damage plaintiff's credit and well-being. Harassment and abuse of a consumer violates the FDCPA.

74.

Defendants' false and misleading communications about plaintiff and to plaintiff violate the FDCPA.

75.

Defendants' conduct, as described herein, constitutes unfair practices in debt collection and violates the FDCPA.

76.

Defendants reported information that misrepresented the alleged debt and engaged in debt collection activities which violated the FDCPA willfully, or alternatively, negligently, on multiple occasions. These strict liability violations by the defendants were not made by the defendants in good faith or due to any bona fide error[s].

**ADDITIONAL ALLEGATIONS**

77.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff including but not limited to out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and further awards of punitive/exemplary damages, attorneys' fees, litigation expenses, expert witness fees,

and court costs are likewise proper.

78.

Defendants' false credit reporting about plaintiff have been a substantial factor in causing

credit denials and other damages.

79.

Defendants have negligently and/or willfully violated various provisions of the Fair

Credit Reporting Act, the Fair Debt Collection Practices Act, and other laws and are thereby

liable unto plaintiff.

80.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive

damages awarded in this case, as well as other demands and claims asserted herein including, but

not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain

and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental

time, frustration, emotional distress, mental anguish, fear of personal and financial safety and

security, attorneys' fees, and court costs, litigation expenses, expert witness fees, and other

assessments proper by law and any and all other applicable federal and state laws, together with

legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFF JESSE JAMES PRAYS that after all due proceedings be had
there be judgment herein in favor of Plaintiff and against Defendants, as follows:

1)  That there be Judgment in favor of JESSE JAMES and against MRC
    RECEIVABLES CORP., MIDLAND FUNDING, LLC,
    PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL
    GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,
    MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT
    FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,
    jointly and severally, for all reasonable damages sustained by Plaintiff
    including but not limited to actual damages, compensatory damages,
    statutory damages, out-of-pocket expenses, credit denials, costs and time
    of repairing their credit, pain and suffering, embarrassment,
    inconvenience, lost economic opportunities, loss of incidental time,
    frustration, emotional distress, mental anguish, fear of personal and
    financial safety and security, and for punitive/exemplary damages,
    attorneys' fees, and court costs, litigation expenses, expert witness fees,
    and other assessments proper by law and any and all other applicable
    federal and state laws, together with legal interest thereon from date of
    judicial demand until paid; and

2)  That this Honorable Court order the defendants, MRC RECEIVABLES
    CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE

FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A
MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and
CAVALRY PORTFOLIO SERVICES, LLC, to reinvestigate and correct
the credit report(s), data emanations, and credit histories of and concerning
Plaintiff or any of plaintiff's personal identifiers and cease any and all
collection activities made against plaintiff.

FURTHER Prays for all such additional, general and equitable relief as may be necessary
and proper in the premises.

Respectfully submitted,

Bodenheimer, Jones & Szwak, LLC

By: _____
David A. Szwak, La.BR #21157, TA
416 Travis Street, Suite 1404
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 221-6555
**Counsel for Plaintiff**

PLEASE SERVE:

• MRC RECEIVABLES CORP.,
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

* MIDLAND FUNDING, LLC,
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

* PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP,
   INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

* MIDLAND CREDIT MANAGEMENT, INC.,
To be served through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

* • EQUABLE ASCENT FINANCIAL, LLC,
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor,
Chicago, Illinois 60606;
and
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B,
Buffalo Grove, Illinois 60089;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

and

**ENDORSED FILED**
ERIC BRUMLEY, DEPUTY CLERK

MAR 01 2016

A TRUE COPY - ATTEST

CADDO PARISH DEPUTY CLERK OF COURT

Page -15-

\*     CAVALRY PORTFOLIO SERVICES, LLC,
To be served via the Louisiana Long-Arm statute through its agent for service of process:
President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor,
Hawthorne, New York 10532.
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE.*



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 14931313
Date Processed: 03/21/2016

| Primary Contact: | Carol Steury<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 103<br>San Diego, CA 92108 |
|---|---|

| Entity: | Midland Funding LLC<br>Entity ID Number 2618148 |
|---|---|
| Entity Served: | Midland Funding LLC |
| Title of Action: | Jesse James vs. MRC Receivables Corp |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Caddo Parish District Court, Louisiana |
| Case/Reference No: | 591,172-A |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 03/18/2016 |
| Answer or Appearance Due: | 15 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | David A. Szwak<br>318-424-1400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

sn

# *Citation*

JAMES, JESSE                        NO. 591172-A
                                    STATE OF LOUISIANA
        VERSUS                      PARISH OF CADDO
                                    FIRST JUDICIAL DISTRICT COURT
MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  **MIDLAND FUNDING LLC**
                             **THRU CORPORATION SERVICE COMPANY**
                             **AGENT**
                             **501 LOUISIANA AVE**
                             **BATON ROUGE LA 70802**
                             of the Parish of EAST BATON ROUGE
YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:     GARY LOFTIN, CLERK OF COURT
__ REQUEST FOR ADMISSIONS OF FACTS    MIKE SPENCE, CHIEF DEPUTY
__ INTERROGATORIES
__ REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
__                                                Deputy Clerk


                                      DAVID A SZWAK_____
                                              Attorney

NOTICE:  ALL PARTIES ARE                A TRUE COPY -- ATTEST
EXPECTED TO COMPLY WITH
ALL LOCAL COURT RULES
INCLUDING BUT NOT LIMITED
TO RULE 12 OF FAMILY LAW                _____
DIVISION RULES.                                Deputy Clerk

-----------------------------------------------------------------------
     These documents mean you have been sued. Legal assistance is
advisable, and you should contact a lawyer immediately. If you want a
lawyer and cannot find one, please go to www.shreveportbar.com and click
on the Lawyer Referral Service link, or go to the Shreveport Bar Center
on the third Monday of each month from 5:30 - 7:30 for a free seminar.
If eligible, you may be entitled to legal assistance at no cost to you
through Legal Services of North Louisiana, Inc; please call 222-7281
for more information.

     JUDGES AND COURT PERSONNEL, INCLUDING THE SHERIFF AND CLERK OF COURT
EMPLOYEES, CANNOT GIVE LEGAL ADVICE.

     If you are a person with a disability, reasonable accomodation and
assistance may be available to allow for your participation in the court
proceedings. Please contact the Clerk of Court's office for more information.


**SERVICE COPY**

JESSE JAMES

Versus

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCEONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC, and CAVALRY PORTFOLIO
SERVICES, LLC

NUMBER: *591,172-A*

FIRST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

**P E T I T I O N**

NOW INTO COURT, through undersigned counsel, JESSE JAMES, Plaintiff in the

above entitled and captioned matter, who respectfully prays for Judgment of this Honorable

Court against defendants, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC,

PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC.,

EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,

jointly and severally, as set forth in the following Petition, as follows:

1.

Plaintiff, JESSE JAMES, is a major domiciliary of Shreveport, Caddo Parish, Louisiana

and is a victim of repeated false credit reportings and collection activities by defendants.

2.

Made Defendants herein are:

[a]   MRC RECEIVABLES CORP., which may also hereinafter be referred to as "MRC," a

      foreign corporation believed to be authorized to do and doing business in the State of

      Louisiana, and who may be served with process through its registered agent for service of

      process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

      70802; and

[b]   MIDLAND FUNDING, LLC, which may also hereinafter be referred to as "Midland," a

      foreign corporation believed to be authorized to do and doing business in the State of

      Louisiana, and who may be served with process through its registered agent for service of

      process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

      70802; and

[c]   PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC.

D/B/A MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be

referred to as "Midland," a foreign corporation believed to be authorized to do but doing

business in the State of Louisiana, and who will be served via the Louisiana Long-Arm

statute through its registered agent for service of process: Nick Manardi, 2040 Main

Street, Suite 800A, Irvine, California 92614;

[d]   MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to

as "Midland," a foreign corporation believed to be authorized to do but doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: Corporation Service Company, 501

Louisiana Ave., Baton Rouge, Louisiana 70802;

[e]   EQUABLE ASCENT FINANCIAL, LLC, which may also hereinafter be referred to as

"Equable," a foreign corporation believed to be authorized to do and doing business in

the State of Louisiana, and who will be served via the Louisiana Long-Arm statute

through its registered agent for service of process: President/CEO, EQUABLE ASCENT

FINANCIAL, LLC, 160 North Franklin, 3rd Floor, Chicago, Illinois 60606; and

President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd.,

Suite B, Buffalo Grove, Illinois 60089; and

[f]   CAVALRY PORTFOLIO SERVICES, LLC, which may also hereinafter be referred to as

"Cavalry," a foreign corporation believed to be authorized to do and doing business in the

State of Louisiana, and who will be served via the Louisiana Long-Arm statute through

its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES,

LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

3.

Plaintiff respectfully asserts that this Honorable Court has subject matter jurisdiction in

this case as a court of competent, concurrent jurisdiction.  Venue is proper as this Parish under

the Louisiana Long-Arm venue provision and plaintiff's damages were sustained in this Parish

and, substantially, all of the underlying events took place in and caused impact and damage in

this Parish and State.

4.

Plaintiff respectfully requests that this Honorable Court award in plaintiff's favor and against the Defendants sums representing statutory damages and punitive or exemplary damages in addition to actual or compensatory damages.

5.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

6.

Plaintiff is a consumer and a victim of improper collection activities and false credit reportings by defendants.

7.

Defendants MRC, Equable, Cavalry, and Midland are debt collectors and furnishers/users/subscribers of and to credit information to the national credit reporting agencies, including Experian, Equifax and Trans Union.

8.

MRC and Midland operate a debt collection operation utilizing various identities as a single business enterprise and operate so as to use the identities to confuse consumers as to the identity of the collector and magnify the impact of their collection actions aimed at the consumer.

9.

Prior to November 26, 2012, Equable filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed with prejudice in a "take nothing" dismissal terminating all claims by Equable against plaintiff.

10.

For unknown reasons and unknown to plaintiff, Equable assigned and transferred the same, exact contested collection account, #44793*** [truncated], which had been the subject of the state court lawsuit referenced above and which claims had been dismissed with prejudice, to another debt collector, Cavalry.

11.

For unknown reasons and unknown to plaintiff, Cavalry accepted the assignment and transfer of the terminated account of Equable and proceeded to commence a credit reporting

Page -3-

campaign against plaintiff to the national consumer reporting agencies.

12.

Plaintiff was not notified and was unaware of Cavalry's acts until recently.

13.

Upon learning of Cavalry's acts, plaintiff contested the Equable now Cavalry account to
Cavalry.

14.

For unknown reasons and unknown to plaintiff, Cavalry persisted in a campaign of
monthly credit reportings to the national consumer reporting agencies and, each such reporting to
each consumer reporting agency, represented an act of debt collection and a false and defamatory
communication, made with malice and willful intent to harm plaintiff's credit, property rights
therein, reputation and standing in the community.

15.

Further, each such reporting to each consumer reporting agency, represented a false
communication about the existence of, nature of, sum of, status and all other aspects of the
alleged debt collection account.

16.

Following the dismissal of the aforementioned Equable state court lawsuit, plaintiff,
through counsel, lodged a formal, written dispute to all of the national consumer reporting
agencies and to Equable as well.  That letter was dated November 26, 2012 and was properly
addressed and mailed to each addressed party and deposited into the U.S. mails with proper
postage applied and those letters were not returned undelivered and are presumed to have been
received by the addressees.  As further proof of receipt, the addressees communicated with
plaintiff and/or counsel acknowledging receipt.

17.

The November 26, 2012, explained to the consumer reporting agencies and Equable, as
did pleadings made by plaintiff in the dismissed Equable state court lawsuit, that plaintiff did not
owe Equable anything and that the account claimed by Equable [now Cavalry] was not plaintiff's
account and that Equable was wrongly pursuing plaintiff in credit reportings and the dismissed
collection lawsuit.

18.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Equable and provided Equable with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Equable directly as well.  Hence, Equable received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Equable and the other defendants herein.

19.

Prior to November 26, 2012, Midland/MRC filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed without prejudice in a "take nothing" dismissal terminating all claims by Midland/MRC against plaintiff.

20.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted to maintain an open collection account, #854702*** [truncated], against plaintiff despite receipt of multiple disputes advising Midland/MRC that the subject collection account and alleged underlying debt does not pertain to plaintiff and is not plaintiff's account or debt.

21.

For unknown reasons and unknown to plaintiff, following 2012, Midland/MRC proceeded to commence a credit reporting campaign against plaintiff to the national consumer reporting agencies.

22.

Plaintiff was not notified and was unaware of Midland's/MRC's acts, after,2012,  until recently.  Plaintiff was reasonably led to believe that Midland/MRC terminated its collection activities, prior [2012 and before] credit reportings and dismissed its baseless collection lawsuit.

23.

Upon learning of Midland's/MRC's acts, plaintiff contested the Midland/MRC account again.

24.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted in a

campaign of monthly credit reportings, after 2012, to the national consumer reporting agencies and, each such reporting to each consumer reporting agency, represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm plaintiff's credit, property rights therein, reputation and standing in the community.

25.

Further, each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

26.

Following the dismissal of the aforementioned Midland/MRC state court lawsuit, plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer reporting agencies and to Midland/MRC as well. That letter was dated November 26, 2012 and was properly addressed and mailed to each addressed party and deposited into the U.S. mails with proper postage applied and those letters were not returned undelivered and are presumed to have been received by the addressees. As further proof of receipt, the addressees communicated with plaintiff and/or counsel acknowledging receipt.

27.

The November 26, 2012, explained to the consumer reporting agencies and Midland/MRC, as did pleadings made by plaintiff in the dismissed Midland/MRC state court lawsuit, that plaintiff did not owe Midland/MRC anything and that the account claimed by Midland/MRC was not plaintiff's account and that Midland/MRC was wrongly pursuing plaintiff in credit reportings and the dismissed collection lawsuit.

28.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Midland/MRC and provided Midland/MRC with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Midland/MRC directly as well. Hence, Midland/MRC received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Midland/MRC and the other defendants

herein.

29.

Despite the properly lodged disputes, timely re-transmittal of the disputes by the consumer reporting agencies to Equable and Midland/MRC, and the failed reinvestigations by Equable and Midland/MRC, plaintiff was not notified, aware nor could he have known under the circumstances, that those defendants had violated their duties to conduct reasonable, proper, timely and complete reinvestigations and to report accurate information in respond to those formal disputes through the consumer reporting agencies' respective reinvestigation and dispute resolution mechanisms.

30.

As a consequence of the failed reinvestigations and continued false credit reportings that resulted, plaintiff sustained damages and adverse action due to Equable's and Midland's/MRC's fault and violations.

31.

The repeated receipt of disputes from plaintiff, coupled with the same disputes contained in legal pleadings resulting is dismissals of the aforementioned state court lawsuits, as well as the failures to investigate the account and collection files at any time, all show support for the conclusion that Equable's and Midland's/MRC's actions and omissions aimed at damaging and harming plaintiff were intentional, malicious, reckless and with willful intent to injure plaintiff.

32.

Each of plaintiff's respective consumer reports, from each respective agency, as archived, show each republication, retransmission and reporting of the false and defamatory information by the defendants about plaintiff and which led to damages and adverse action.

33.

Each republication, retransmission and reporting of the false and defamatory information by the defendants through their authorized agents, the consumer reporting agencies and their web of inter-related and inter-connected satellites, users, subscribers and scoring partners, represents a separate and distinct tort, violation of both debt collection and credit reporting laws and are separately actionable events.

34.

As an authorized agent of each of the defendants, the national consumer reporting

agencies posted the inaccurate credit reporting information from the defendants into plaintiff's

credit file and each subsequent credit report prepared and published about plaintiff contained the

false and damaging information.  Further, each subsequent credit score and other predictive score

and rating about plaintiff contained information relative to the false reporting by defendants.

35.

Defendant Cavalry did nothing to investigate the validity of the Equable account before

commencing its damaging and improper campaign against plaintiff and, even since learning of

plaintiff's disputes and the information plead herein above, Cavalry has persisted in its debt

collection and credit reporting acts against plaintiff.

36.

Credit reporting and particularly debt collection credit reporting serves no function but to

damage the consumer who is the subject of the reportings.

37.

Credit reporting is an act of debt collection by debt collection agencies.

38.

Credit reporting is a cheap and effective means of damaging the subject consumer which

is the intended result sought by the defendants, as furnishers.

39.

Plaintiff, individually and through counsel, communicated with defendants on a number

of occasions in an effort to obtain resolution and removal of the false information, to no avail.

Defendants have continued to report the false information and leave the data in plaintiff's credit

files despite his protestations and continued credit reporting damages.

40.

Plaintiff has sustained adverse action in his efforts to utilize his credit and the negative

account reportings by defendants have been, at least, a "substantial factor" in causing the

damages and adverse action.

41.

Plaintiff suffered stress, embarrassment, inconvenience and related problems due to the

adverse action and his efforts to correct the damages caused to his credit by defendants.

42.

Plaintiff's credit has excellent absent the contested information.

43.

As reflected in the inquiry sections of plaintiff's credit report copies, plaintiff has applied

for credit and other consumer benefits and has sustained adverse action based upon credit reports

prepared and published by the defendants to those third parties.

44.

The defendants performed perfunctory and essentially useless reinvestigations resulting in

the verification of the false reportings and continued placement of the false information in

consumer [credit] reports they published about plaintiff.

45.

The end result was that the same false, derogatory credit reportings persisted and plaintiff

continued to suffer damages.

46.

Plaintiff suffered a variety of damages, including economic and non-economic damages

as prayed for herein.

47.

Defendants are debt collection agencies.

48.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false

and inaccurate information concerning Plaintiff with reckless disregard for the truth.

49.

Defendants' publication of such false and inaccurate information has severely damaged

the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional

distress and mental anguish.

50.

Defendants, Equable and MRC/Midland, violated the Fair Credit Reporting Act, 15

U.S.C. 1681s-2[b], by failing to perform reasonable reinvestigations and failing to reasonably

and truthfully respond to reinvestigation requests and by further supplying inaccurate and false

information.

51.

Defendants, Equable and MRC/Midland, continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiff, as described more fully herein.

## C O U N T S

### COUNT 1 - ALL DEFENDANTS - NEGLIGENCE OR ALTERNATIVELY INTENTIONAL ACTS

52

Defendants owed duties of reasonable care to plaintiff.

53.

Defendants failed to exercise reasonable care and prudence in the reporting and collection of the disputed account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which consequently caused damaged plaintiff.

54.

Alternatively, defendants recklessly, maliciously and/or intentionally committed various acts and omissions against plaintiff which have caused damages and other harms to plaintiff.

### COUNT 2 - ALL DEFENDANTS - DEFAMATION

55.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

· 56.

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

57.

Defendants were notified of inaccuracies by plaintiff however, the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about

Page -10-

Plaintiff.

58.

Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - ALL DEFENDANTS - INVASION OF PRIVACY

59.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have invaded plaintiff's privacy.

60.

Defendants have, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

## COUNT 4 - ALL DEFENDANTS - NEGLIGENT OR ALTERNATIVELY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROPERTY DAMAGE

61.

Defendants negligently or, alternatively, recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

62.

Defendants have, with willful intent to injure and/or maliciously, inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

## COUNT 5 - DEFENDANTS-FURNISHERs [MRC, MIDLAND AND EQUABLE] - FAIR CREDIT REPORTING ACT, 1681s-2[b]

63.

Further, the consumer reporting agencies advised Equable and MRC/Midland that plaintiff disputed the subject accounts and false credit reportings.  Each separate notice trigger duties under section 1681s-2[b].

64.

Despite receipt of the same dispute a number of times, Equable and MRC/Midland failed to properly reinvestigate and respond and repeatedly reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

65.

According to the national consumer reporting agency's reports, in each instance, Equable and MRC/Midland continued to falsely report about plaintiff.

66.

Equable and MRC/Midland likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], multiple times each, by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

67.

Rather, Equable and MRC/Midland continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

68.

Equable and MRC/Midland failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff.

69.

C Equable and MRC/Midland failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiff.

70.

Equable and MRC/Midland were well aware that their reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

**COUNT 6 - FAIR DEBT COLLECTION PRACTICES ACT**

71.

Defendants failed to investigate the existence, basis, status, identity of the alleged debtor and all other aspects of the respective collection accounts and alleged debts as described herein.

72.

Defendants reported false information about the alleged consumer debts to the consumer reporting agencies and, month after month, defendants have re-reported and continually disseminated personal and credit information, to those agencies, for republication in consumer reports about the Plaintiff, which was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information was inaccurate.

73.

Defendants have engaged in a wrongful, illegal and harassing debt collection campaign designed to coerce and extort monies from plaintiff which are not owed. These deceptive misrepresentation are designed to coerce and extort plaintiff and to further damage plaintiff's credit and well-being. Harassment and abuse of a consumer violates the FDCPA.

74.

Defendants' false and misleading communications about plaintiff and to plaintiff violate the FDCPA.

75.

Defendants' conduct, as described herein, constitutes unfair practices in debt collection and violates the FDCPA.

76.

Defendants reported information that misrepresented the alleged debt and engaged in debt collection activities which violated the FDCPA willfully, or alternatively, negligently, on multiple occasions. These strict liability violations by the defendants were not made by the defendants in good faith or due to any bona fide error[s].

**ADDITIONAL ALLEGATIONS**

77.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff including but not limited to out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and further awards of punitive/exemplary damages, attorneys' fees, litigation expenses, expert witness fees,

and court costs are likewise proper.

78.

Defendants' false credit reporting about plaintiff have been a substantial factor in causing

credit denials and other damages.

79.

Defendants have negligently and/or willfully violated various provisions of the Fair

Credit Reporting Act, the Fair Debt Collection Practices Act, and other laws and are thereby

liable unto plaintiff.

80.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive

damages awarded in this case, as well as other demands and claims asserted herein including, but

not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain

and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental

time, frustration, emotional distress, mental anguish, fear of personal and financial safety and

security, attorneys' fees, and court costs, litigation expenses, expert witness fees, and other

assessments proper by law and any and all other applicable federal and state laws, together with

legal interest thereon from date of judicial demand until paid.


WHEREFORE PLAINTIFF JESSE JAMES PRAYS that after all due proceedings be had
there be judgment herein in favor of Plaintiff and against Defendants, as follows:

1)   That there be Judgment in favor of JESSE JAMES and against MRC
     RECEIVABLES CORP., MIDLAND FUNDING, LLC,
     PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL
     GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,
     MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT
     FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,
     jointly and severally, for all reasonable damages sustained by Plaintiff
     including but not limited to actual damages, compensatory damages,
     statutory damages, out-of-pocket expenses, credit denials, costs and time
     of repairing their credit, pain and suffering, embarrassment,
     inconvenience, lost economic opportunities, loss of incidental time,
     frustration, emotional distress, mental anguish, fear of personal and
     financial safety and security, and for punitive/exemplary damages,
     attorneys' fees, and court costs, litigation expenses, expert witness fees,
     and other assessments proper by law and any and all other applicable
     federal and state laws, together with legal interest thereon from date of
     judicial demand until paid; and

2)   That this Honorable Court order the defendants, MRC RECEIVABLES
     CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE

FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A
MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and
CAVALRY PORTFOLIO SERVICES, LLC, to reinvestigate and correct
the credit report(s), data emanations, and credit histories of and concerning
Plaintiff or any of plaintiff's personal identifiers and cease any and all
collection activities made against plaintiff.

FURTHER Prays for all such additional, general and equitable relief as may be necessary
and proper in the premises.

Respectfully submitted,

Bodenheimer, Jones & Szwak, LLC

By: _____
   David A. Szwak, La.BR #21157, TA
   416 Travis Street, Suite 1404
   Mid South Tower
   Shreveport, Louisiana 71101
   (318) 424-1400
   FAX 221-6555
   Counsel for Plaintiff

**PLEASE SERVE:**

* **MRC RECEIVABLES CORP.,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

* **MIDLAND FUNDING, LLC,**
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

* **PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP,
   INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

* **MIDLAND CREDIT MANAGEMENT, INC.,**
To be served through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

* **EQUABLE ASCENT FINANCIAL, LLC,**
To be served via the Louisiana Long-Arm statute through its registered agent for service of
process:
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor,
Chicago, Illinois 60606;
and
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B,
Buffalo Grove, Illinois 60089;
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE;*

and

ENDORSED FILED
ERIC BRUMLEY, DEPUTY CLERK

MAR 01 2016

A TRUE COPY — ATTEST

CADDO PARISH DEPUTY CLERK OF COURT

Page -15-

\*      **CAVALRY PORTFOLIO SERVICES, LLC,**
To be served via the Louisiana Long-Arm statute through its agent for service of process:
President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor,
Hawthorne, New York 10532.
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE.*

# Citation

23.36                     sn

JAMES, JESSE                          NO. 591172-A
                                      STATE OF LOUISIANA
     VERSUS                           PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT
MRC RECEIVABLES CORP ETAL

THE STATE OF LOUISIANA:   TO  MIDLAND CREDIT MANAGEMENT INC
                              THRU CORPORATION SERVICE COMPANY
                              AGENT
                              501 LOUISIANA AVE
                              BATON ROUGE LA 70802
                              of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:     GARY LOFTIN, CLERK OF COURT
___  REQUEST FOR ADMISSIONS OF FACTS  MIKE SPENCE, CHIEF DEPUTY
___  INTERROGATORIES
___  REQUEST FOR PRODUCTION OF DOCUMENTS     By:_____
                                                   Deputy Clerk


                                      DAVID E SERAK
                                             Attorney.

-------------------------------------------------------------------
SERVICE INFORMATION:              Date _____

Personal _____  Domiciliary _____  to

Unserved _____  because

Remarks _____

                    FILED
                    SHERIFF RETURN

                    MAR 2 9 2016

                    GARY LOFTIN
                    CLERK OF COURT


          MAR 17 2016

*Citation*                                                      sn

JAMES, JESSE                          NO. 591172-A
                                      STATE OF LOUISIANA
       VERSUS                         PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT

NRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  MIDLAND FUNDING LLC
                             THRU CORPORATION SERVICE COMPANY
                             AGENT
                             501 LOUISIANA AVE
                             BATON ROUGE LA 70802
                             of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:        GARY LOFTIN, CLERK OF COURT
___ REQUEST FOR ADMISSIONS OF FACTS       MIKE SPENCE, CHIEF DEPUTY
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS   By: _____
___                                              Deputy Clerk


                                        DAVID A SEWAR
                                        _____
                                              Attorney
-----------------------------------------------------------------
SERVICE INFORMATION:            Date _____

Personal _____  Domiciliary _____  to _____

Unserved _____  because _____

Remarks _____

         Deputy Sheriff

                              FILED
                           SHERIFF RETURN

                            MAR 2 9 2016

                             GARY LOFTIN
                            CLERK OF COURT

         MAR 1 7 2016

# *Citation*

23.56                                                                    sn

JAMES, JESSE                        *NO. 591172-A*
                                    *STATE OF LOUISIANA*
        VERSUS                      *PARISH OF CADDO*
                                    *FIRST JUDICIAL DISTRICT COURT*

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:  TO  MRC RECEIVABLES CORP
                             THRU CORPORATION SERVICE COMPANY
                             AGENT
                             501 LOUISIANA AVE
                             BATON ROUGE LA 70802
                             of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:       GARY LOFTIN, CLERK OF COURT
___ REQUEST FOR ADMISSIONS OF FACTS     MIKE SPENCE, CHIEF DEPUTY
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS  By:_____
                                              Deputy Clerk

                                        DAVID A SEMAK-4019
                                        ------------------------
                                              Attorney

-------------------------------------------------------------------
SERVICE INFORMATION:            Date _____

Personal _____  Domiciliary _____  to _____

Unserved _____  because _____

Remarks _____         FILED
                                             SHERIFF RETURN
        _____
              Deputy Sheriff                 MAR 2 9 2016

                                             GARY LOFTIN
                                             CLERK OF COURT



MAR 17 2016

1310 Twenty-Fifth Avenue • P.O. Box 130 (39502) • Gulfport, MS 39501-1931    www.balch.com



MATTHEW W. MCDADE
t:  (228) 214-0414
f:  (866) 849-8946
e:  mmcdade@balch.com

April 4, 2016

Mr. Gary Loftin
Caddo Parish Clerk of Court
501 Texas Street, Room 103
Shreveport, LA 71101-5401

     Re:   ***Jesse James v. MRC Receivables Corp, et al.***
              **Cause No. 591,172-A**

Dear Mr. Loftin:

     Enclosed please find the original and one copy of Defendants, MRC Receivables Corp., Midland Funding, LLC, Encore Capital Group, Inc., and Midland Credit Management, Inc.'s Notice of Removal of Civil Action to be filed in the above-referenced matter.  I would appreciate you stamping the copy "filed" and returning it to my office in the enclosed self-addressed, stamped envelope.

     Thank you for your assistance with this matter.  Should you have any questions or require any additional information, please do not hesitate to contact me.

     Sincerely,

     Matthew W. McDade

MWM:ag

Enclosures

cc:   David Szwak, Esq.

ALABAMA  |  GEORGIA  |  MISSISSIPPI  |  WASHINGTON. DC